The **PENNSYLVANIA RAILROAD COMPANY, a corporation, lessee of the Philadelphia, Baltimore and Washington Railroad Company, a corporation, successor to the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company (formerly Railway Company), Plaintiff-Appellee,**

v.

**CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY, a corporation, formerly Chicago, Milwaukee and St. Paul Railway Company, Defendant-Appellant.**

**No. 16085.**

United States Court of Appeals
Seventh Circuit.

Jan. 31, 1968.

Rehearing Denied Feb. 23, 1968.

James P. Reedy, William J. Harte, Chicago, Ill., for defendant-appellant.

Cornelius P. Callahan, Chicago, Ill., for plaintiff-appellee.

Before DUFFY, Senior Circuit Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

DUFFY, Senior Circuit Judge.

■ This is a diversity suit by the Pennsylvania Railroad (Pennsylvania) aganst Chicago, Milwaukee, St. Paul and Pacific Railroad Company (Milwaukee) for a reimbursement of money paid and for attorney fees incurred by Pennsylvania in settlement of a lawsuit by a minor (Hampton) who was injured on the Pennsylvania right-of-way. Illinois law is applicable. The suit is based on a trackage agreement between the two railroads. The agreement contained an indemnity clause.

The trial court sitting without a jury entered findings of fact and conclusions of law favorable to Pennsylvania. It ordered and adjudged that the Milwaukee Road pay to Pennsylvania $20,000, the amount Pennsylvania had paid in settlement of the Hampton suit, plus $2,500 attorney fees.

The agreement which contained the indemnity provisions was entered into on August 29, 1903 by predecessors of the railroads which are the parties to this suit. With the current names of the parties inserted, the indemnity agreement reads in part:

"The Milwaukee further agrees that in using the said tracks of the Pennsylvania, it will assume, and it does hereby assume, all injury to its own employees or to third persons caused by its engines or trains and will save the Pennsylvania free, clear and harmless of and from all such injury, and will pay all judgments and costs that may be rendered against the said Pennsylvania by reason of or arising out of the operation of the said Milwaukee in its use of said track or in transferring said cars, provided that the Milwaukee shall not be liable under this clause where the injury or damage to persons or property shall be due solely to the negligence of an employee or employees of the Pennsylvania."

On December 6, 1960, Al Hampton, a minor, eleven years of age, was injured on a railroad right-of-way in Chicago, Illinois. A subsidiary of Pennsylvania owned the right-of-way and tracks involved in the accident. This trackage is often called the "Pennsylvania Panhandle" and various railroads operate their trains along this trackage. On the day in question, Milwaukee was operating a freight train on these tracks. The area is controlled and patrolled by the Pennsylvania Railroad Police Department.

On September 11, 1961, before suit had been commenced by anyone by reason of young Hampton's injuries, the Milwaukee Road's attorney advised Pennsylvania of its intention to pay the Hamptons $15,000 on the receipt of a covenant not to sue.

By a letter dated September 21, 1961, Pennsylvania responded stating that under the terms of the trackage agreement, the covenant not to sue contemplated by the Milwaukee Road should include and protect the Pennsylvania.

The Milwaukee Road settled the Hampton claims on November 9, 1961, but the covenant not to sue did not include or specifically protect Pennsylvania. Thereafter, the Hamptons brought suit against the Pennsylvania and two other railroads.

The first count in the Hampton complaint against the Pennsylvania et al. charged negligence by Pennsylvania in violating certain ordinances of the City of Chicago providing for the erection of fences and embankments on the right-of-way; in negligently permitting a previous fence to be torn down; in negligently failing to erect new fences on the east side of the right-of-way; in negligently failing to provide a fence or barrier on the railroad embankment so that there resulted a custom by children of playing upon the tracks and the right-of-way. There also was an allegation that a train was being operated on the tracks and that it ran over the boy.

The second count of the complaint repeated the charge of negligence in

permitting the retaining walls to fall into decay; that the Pennsylvania had knowledge of the dangerous condition of the right-of-way and of the presence of children playing on it, and that it failed to remedy the dangerous condition.

■ We have concluded that, in any event, Pennsylvania is not entitled to collect attorney fees from Milwaukee. The indemnity agreement provided that Milwaukee " * * * will pay all judgments and costs that may be rendered against the Pennsylvania. * * *" We interpret the word "costs" to include taxable costs that would normally be included in a judgment, but we hold the word "costs", as used in the agreement, does not include attorney fees. Wiegel v. One LaSalle Co., 75 Ill.App.2d 272, 221 N.E.2d 117, 120 (1966).

There is no dispute that if an outside attorney had performed the legal services for Pennsylvania which were handled by its own legal department, a fee of $2500 would have been reasonable in amount. But Pennsylvania did not pay any attorney fees as such. The attorney, a member of the legal department of Pennsylvania, who rendered the services in these matters was, undoubtedly, paid his usual salary. It is extremely doubtful that the parties entering into the contract including the indemnity agreement, ever contemplated that if Milwaukee were required to reimburse Pennsylvania, it should pay part of the expenses of the operation of the legal department of the Pennsylvania Railroad.

Pennsylvania strongly urges that Milwaukee should not be permitted to challenge the allowance of attorney fees on this appeal because, it claims, no issue was made of that question in the trial court.

■ Pennsylvania argues that Milwaukee did not object to the introduction of attorney fees during the trial, and that it "did not file a responsive pleading to plaintiff's allegation of attorney fees in the second amended complaint."

The circumstances under which Pennsylvania requested repayment of attorney fees were unusual. The second amended complaint was filed by leave of court the morning the trial began, and added only the prayer for allowance of attorney fees. In fact, the order giving leave to file was entered after the evidence at the trial was presented and the arguments completed. There was no provision or requirement for Milwaukee to file a third answer after the trial was over. It already had filed two answers denying the right of Pennsylvania for reimbursement of any expenses.

We hold Milwaukee did not waive the right to object on this appeal to the allowance of attorney fees.

Milwaukee urges it should not be required to refund the $20,000 which Pennsylvania paid in obtaining from Hampton a covenant not to sue because there is no allegation in the Hampton complaint that the Milwaukee train was operated in a negligent manner at the time the injuries to Hampton were sustained.

The critical language of the indemnity agreement is "The Chicago Company (Milwaukee) further agrees that in using the tracks of the Pittsburgh Company (Pennsylvania) it will assume and does hereby assume, all loss or injury * * * to third persons or property of third persons caused by its engines or trains and will save the Pittsburgh Company (Pennsylvania) free, clear and harmless of and from all such damage and injury. * * *"

■ The indemnity agreement is applicable when an injury is caused by the operation of a Milwaukee train on the Pennsylvania's tracks. The only exception is if the injury is due solely to the negligence of employees of the Pennsylvania.

The District Court found the Hampton boy was injured by the operation of Milwaukee train No. 302-1. There is evidence in the record to sustain such finding. The Pennsylvania, in good faith, settled the lawsuit for $20,000.

There is no claim that such settlement was unfair or unrealistic to Milwaukee. There is no contention that the injuries to young Hampton were caused solely by the negligence of an employee or employees of Pennsylvania.

We hold that the part of the judgment of the District Court against Milwaukee for $20,000 be affirmed.

We further hold that the part of the same judgment awarding Pennsylvania $2500 as attorney fees be reversed.

Affirmed in part and reversed in part.