Don Reynolds, a Minor, by Don Reynolds, Sr., his Father and Next Friend, Plaintiffs, v. Illinois Bell Telephone Company, a Corporation, David Harms and William Roper, Defendants-Third Party Plaintiffs-Appellants, v. Eleanor Miller, Third Party Defendant-Appellee.

### Gen. No. 49,145.

First District, Second Division.

March 24, 1964.

Sidley, Austin, Burgess & Smith, and Robert A. Downing, all of Chicago (James W. Kissel and Frederic F. Brace, Jr., of counsel), for appellants.

Meyers & Matthias, of Chicago (Donald W. Ford, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Don Reynolds, a minor, sued Illinois Bell Telephone Company and two of its employees, to recover damages for personal injuries, alleging a duty of ordinary care, seven specific negligent acts or omissions and concluding with a paragraph charging that defendants "otherwise carelessly and negligently, or wilfully and wantonly" parked their motor vehicle. Defendants filed a third party complaint against Eleanor Miller, who had actually run into plaintiff but who had settled with him under a covenant not to sue. The court sustained the motion of Eleanor Miller to dismiss her complaint and the defendants appeal from the judgment entered thereon.

The complaint alleges and the answers admit that on May 26, 1958, Eleanor Miller drove through a crosswalk and struck the plaintiff, a minor pedestrian, who was lawfully in the crosswalk. The complaint alleges and the answers deny that the collision was due to the defendants' negligence in permitting their truck to be parked near the crosswalk. The answers allege that the collision was caused by the negligence of Eleanor Miller in driving through the crosswalk and that plaintiff had settled with Mrs. Miller for $6,000 in exchange for a covenant not to sue. Plaintiff's reply admits the making and delivery of the covenant not to sue. The second amended third party complaints, hereinafter called the complaints, allege that Eleanor Miller was guilty of active and primary negligence because she was speeding and did not keep a proper lookout or keep her car under proper control and also because she failed to slow down for or yield the right of way to a pedestrian or give warning. The complaints also allege that defendants' truck had been parked for at least two hours at the time of the collision and that defendants' negligence, if any, was passive and secondary to Eleanor Miller's active and primary negligence in driving too fast and not slowing for a pedestrian. The third party complaints also charge that Eleanor Miller was guilty of wanton and wilful misconduct. Mrs. Miller's motion to dismiss admitted the allegations of the third party complaints.

We are of the opinion that the third party complaints state a cause of action for indemnity. The law of this State recognizes that a party who is only secondarily responsible for the plaintiff's injuries has a right to recover indemnity over against the person primarily responsible. In the case of John Griffiths & Son Co. v. National Fireproofing Co., 310 Ill 331, the Supreme Court said, p 339, 141 NE 739: "The general rule is that where two parties acting together

336

commit an illegal or wrongful act the party injured may hold both responsible for the damages resulting from their joint act and neither can recover from the other the damages he may have paid or any part of them. The further general principle is announced, however, in many cases, that where one does the act which produces the injury and the other does not join in the act but is thereby exposed to liability and suffers damage the latter may recover against the principal delinquent, and the law will inquire into the real delinquency and place the ultimate liability upon him whose fault was the primary cause of the injury."

██ In the Griffiths case a contract of indemnity was involved. In Sack v. Arcole Midwest, 33 Ill App2d 344, 179 NE2d 441, where of the three negligent parties granted indemnity only one had a contract with the third party defendant. We adopt the statement by the Supreme Court in the Griffiths case that indemnity may be obtained on tort principles and that a contract is not required. Although dictum the statement in the Griffiths case has been followed. In Gulf, M. & O. R. Co. v. Arthur Dixon Transfer Co., 343 Ill App 148, 98 NE2d 783, the court placed no reliance on the contract, but decided the case under tort principles. See also Blaszak v. Union Tank Car Co., 37 Ill App2d 12, 184 NE2d 808; Boston v. Old Orchard Business Dist., Inc., 26 Ill App2d 324, 327, 168 NE2d 52; American Tel. & Tel. Co. v. Leveque, 30 Ill App2d 120, 129, 173 NE 2d 737; Dart Transit Co., Inc. v. Wiggins, 1 Ill App 2d 126, 134, 117 NE2d 314; Chicago Rys. Co. v. R. F. Conway Co., 219 Ill App 220, 223; Pennsylvania Co. v. Roberts & Schaefer Co., 250 Ill App 330, 335; Palmer House v. Otto, 347 Ill App 198, 201–202, 106 NE2d 753; Moroni v. Intrusion-Prepakt, Inc., 24 Ill App2d 534, 538, 165 NE2d 346.

Mrs. Miller states that the parking of a vehicle in violation of a statute or ordinance is an act of negligence. The cases she cites in support of this assertion establish that after a trial on the merits a jury might find the defendants guilty as charged in the original complaint. These cases do not establish that prior to a trial on the merits the court must find Mrs. Miller not liable to the defendants in the original complaint. We agree with appellants that under sec 25(2) of the Civil Practice Act the third party complaints should not have been dismissed without a trial on the merits. In Blaszak v. Union Tank Car Co., 37 Ill App 2d 12, 184 NE2d 808, the court noted that it did not have to appear with certainty that there will be a recovery over against the third party defendant and that the pleadings indicated Union might have a right to recover over against Shell in the amount it might be required to pay plaintiff. In Blaszak the complaint alleged that the third party plaintiffs' negligence was passive or secondary while that of the third party defendant was active or primary and the court held the complaint sufficient. We think that the original defendants are entitled to a trial on the merits of the question whether Eleanor Miller's speeding and failure to yield the right of way to a minor pedestrian made her the primary delinquent compared with defendants who were guilty of a parking violation. Sec 25(2) of the Civil Practice Act provides that a defendant may by third party complaint bring in others not a party to the action who are or may be liable to him for all or part of the plaintiff's claim against him. The Joint Committee comment to this section says that it is designed to curtail multiplicity of actions by providing for assertion in one action of any claim which, by reason of the plaintiff's claim against him, the defendant

338

has or may have against a third party. This was recognized in the Blaszak case.

For these reasons the judgment is reversed and the cause is remanded with directions to restore the third party complaints and for further proceedings.

Judgment reversed and cause remanded with directions.

FRIEND and BRYANT JJ., concur.

## ON REHEARING

Having reconsidered the briefs and having studied the petition for rehearing, the answer and the pertinent authorities we have decided to adhere to our opinion.

■ Neither the recognition of a right to indemnity nor of a right to contribution rests upon comparative negligence. Neither indemnity nor contribution requires that liability be apportioned according to relative fault as in comparative negligence. A judge or jury is no more likely to use comparative negligence in an indemnity action than in any tort action.

■ ■ The purpose of third-party practice is to avoid a wastefully inefficient multiplicity of suits by combining into a single action all claims arising from one transaction. In certain situations it might be impossible to try all the claims together or it might be unfair to a particular party to do so. The Civil Practice Act reposes in the trial judge a large discretion to order separate trials or make any order that may be just to prevent any defendant or third-party defendant from being embarrassed or put to expense by being required to attend any proceedings in which he may have no interest.