Sofia Wiegel, Executor of the Estate of Fred Wiegel, Deceased, Plaintiff, v. One LaSalle Company, a Corporation, Defendant.

One LaSalle Company, a Corporation, Third Party Plaintiff-Appellee, Cross-Appellant, v. Otis Elevator Company, a Corporation, Third Party Defendant-Appellant, Cross-Appellee.

Gen. No. 50,726.

First District, Second Division.

September 27, 1966.

Rehearing denied November 3, 1966.

Andrew J. Farrell, of Chicago, for third party defendant-appellant.

Richard C. Bleloch, of Chicago, for third party plaintiff-appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Cook County. The pertinent facts are as follows: Third party defendant, Otis Elevator Company, hereinafter referred to as Otis, was modernizing and renovating the elevators in the One LaSalle Building pursuant to a contract with One LaSalle Company and L. J. Sheridan and Company, agents. On December 4th, 1959, Fred Wiegel, an employee of Otis, sustained injuries while working on the modernization of the elevators in the One LaSalle Building. He died a short time later. His mother, Sofia Wiegel, as executor of deceased's estate brought an action for wrongful death against One La Salle Company, and obtained judgment in the sum of $30,000. Before the original trial plaintiff Wiegel moved for severance of the original action and the third party action involving One LaSalle Company and Otis. The trial court granted this motion, and after the entering of judgment in the original action, trial was had upon the third party action, resulting in a directed verdict and a judgment for $30,000 for One LaSalle Company against Otis. The trial court, however, refused to grant One LaSalle's prayer for attorney's fees and expenses incurred in defending the original action.

Third party defendant-appellant, Otis, claims that the letter of July 29, 1959, signed and accepted by L. R.

Humbert, Assistant Secretary, was not properly a part of the contract, in that the contents of this letter are ambiguous, lacking in consideration, and not clearly expressive of an intention on the part of Otis to indemnify One LaSalle Company. One LaSalle, however, contends that the letter is a binding supplement to the contract, in that it was signed and assented to by Otis, and that the letter was admitted by Otis to be a part of the contract by both oral and written admissions made at the original trial. One LaSalle further claims that any argument that Otis puts forth regarding the lack of consideration or of mutuality is lost because of the binding effect of the above admissions.

■ Otis is bound by the admissions of its attorney. Prior to the beginning of the trial on the third party action in a pretrial conference, the court reviewed all the pleadings and noted that the third party did not deny the existence of the contract with its subsequent modification and did not claim the modification of the contract was void for want of consideration. In fact, the court specifically inquired as to whether or not the modification agreement was valid and a part of the original contract, and Otis answered that question by saying that Otis alleges that it (the letter) was part of the contract.

The pleadings that the trial court was inquiring into were the Amended Third Party Complaint and Amended Answer. In its amended complaint One LaSalle alleged that Otis agreed to hold harmless One LaSalle and its agent, L. J. Sheridan and Company, for any and all loss or injury connected with the work performed under the contract with Otis, on the theory that the letter of July 29, 1959, was a valid part of One LaSalle's contract with Otis. Otis in its amended answer, paragraph five, count 1, admits the validity of the contract including the modification. "The third party defendant denies the conclusion that Otis obligated itself both for its negli-

gence and that of One LaSalle, but admits that the contract referred to in Count 1 of the amended third party complaint did contain the first six provisions quoted in such paragraph. The last quotation in that paragraph was taken out of a letter dated July 29, 1959 whereas the other provisions quoted appear in the original contract dated November 20, 1958 . . ."

The trial court correctly refused Otis' offer to amend its amended answer and so to deny the admissions they had already made. Otis is correct when it states that parties may not by their admissions of law bind the court to adopt their point of view. Where Otis is in error is that there is no question of law that Otis may take advantage of to negate the admissions made by its attorney. Otis, itself, by its theory of the case raises questions of fact regarding the validity of the supplemental agreement when it states that the letter is ambiguous and does not contain language that entitled One LaSalle to indemnification. Finally, the discretion of the trial court in considering whether to allow an amendment is broad and will not be upset absent some clear showing of abuse. Had the third party defendant made some showing that there was ambiguity in his statement or answer or that the statement or answer on its face permitted conflicting inferences, then the contention of Otis would have more validity. Reilly v. Peterson Furniture Co., 314 Ill App 461, 40 NE2d 780. However, nothing could be plainer or less open to question than the amended answer and the oral statement of counsel for Otis.

Otis further contends that the agreement embodied in the letter of July 29, 1959, is void for lack of consideration and want of mutuality. Otis, having admitted the validity of the contract in its amended answer which we have just held to be binding, is bound by that admission and by this determination. For that rea-

son, and for the reason that Otis failed to plead or prove lack of consideration, the defense of lack of consideration or want of mutuality is of no avail. Otis also failed to plead or prove that the One LaSalle Building referred to in the letter of July 29, 1959 was not a legal entity. Third party defendant knew who the real parties in interest were and was not led astray by this minor discrepancy. Otis is not to be heard to raise the issue of inability to sue at this late date.

█ Finally, Otis alleges that the granting of Plaintiff, Sofia Wiegel's motion to sever the third party action from the original cause of action was error on the part of the trial court. Otis cites in its behalf the case of Palmer v. Mitchell, 57 Ill App2d 160, 206 NE2d 776. That case is not in point. The trial court in the Palmer case was reversed for having granted severance for the reason that if the allegations of the third party plaintiff were true the third party defendant would have been liable to the third party plaintiff in that case because of a violation of the Structural Work Act. That is not this case. The issue at stake in the third party action in the present case is not that of which party was negligent, but rather the issue of the interpretation of the contract between Otis and One LaSalle. Otis also cites chapter 110, § 25 Ill Revised Statutes, 1965, which provides for third party actions. The severance of the third party action is governed not by this section but by chapter 110, § 51 Ill Revised Statutes, 1965. This is a matter of convenience and an issue in which the trial court is to be accorded a broad discretion in determining whether to grant severance. Blachek v. City Ice & Fuel Co., 311 Ill App 1, 35 NE2d 416. The errors that Otis attributes to the counsel of One LaSalle in the trying of the original case are mere suppositions and fail to make out a clear case of prejudice to the rights of Otis. To reverse this case on the issue of severance would

defeat both the policy of reaching for judicial economy and the policy of vesting a large discretion in the trial judge in the conduct of cases before him.

The trial court refused to allow third party plaintiff, One LaSalle Company, attorney's fees or expenses incurred in the defense of the wrongful death action. There was no error here, as there is nothing in the contract regarding attorney's fees and expenses. The cases which One LaSalle cites to assert its right to attorney's fees are not in point as the contracts in those cases provided specifically for indemnification for the costs of litigation. General Acc. Fire & Life Assur. Corp. Ltd. v. Smith & Oby Co., 272 F2d 581; Lesmark v. Pryce, 334 F2d 942.

For the above reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

LYONS and BURKE, JJ., concur.