Charles Stewart and Patsy Stewart, Co-Administrators of the Estate of Debra Stewart, Deceased, and Charles Stewart, Plaintiffs, v. Mister Softee of Illinois, Inc., a Corporation, and Russell Dudley, Defendants.
Russell Dudley, Third Party Plaintiff-Appellant, v. Mary R. Collins, Third Party Defendant-Appellee.

Gen. No. 51,128.

First District, Fourth Division.

September 30, 1966.

Pretzel, Stouffer, Nolan & Rooney, of Chicago (Howard C. Sorensen, of counsel), for third party plaintiff-appellant.

Beverly and Pause, of Chicago (Robert O. Duffy, of counsel), for third party defendant-appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from the dismissal of a third-party complaint.

Plaintiffs brought an action against the defendants, Mister Softee of Illinois, Inc., and Russell Dudley, in which they alleged that the negligence of the aforesaid defendants caused the death of Debra Stewart, who was six years old. Russell Dudley, one of the defendants, filed a third-party complaint against Mary Collins in which he prayed for judgment for "any sum that may be adjudged against him in favor of the plaintiff" plus various costs incurred by him. Upon motion of Mary Collins the court ordered that the third-party complaint

be dismissed for failure to state a cause of action. The court expressly found "that there is no just reason to delay enforcement or appeal hereof."

According to the allegations in the plaintiffs' complaint, on August 29, 1962, Russell Dudley was operating an ice cream truck (used for selling ice cream on the street to members of the public), which was owned by Mister Softee of Illinois, Inc.; the truck was double-parked in the 3100 block of South Emerald Avenue (a one-way, southbound street) facing south on the east side of the street with its chimes sounding; Debra Stewart crossed the street, leaving the safety of the west side thereof, to purchase ice cream and was struck and killed by a car driven by Mary Collins.[1] In his third-party complaint Russell Dudley alleges various acts of negligence on the part of Mary Collins and asserts that if he is held liable to the plaintiffs that liability will be predicated only "upon his passive conduct" in either double-parking the vehicle or sounding the chimes or bells.

As a general rule there can be no contribution or indemnity between joint tortfeasors. Shulman v. Chrysler Corp., 31 Ill App2d 168, 175 NE2d 590. In a negligence action a third-party complaint will lie only where the alleged negligence of the third-party plaintiff is passive. Blaszak v. Union Tank Car Co., 37 Ill App2d 12, 184 NE2d 808. In Spivack v. Hara, 69 Ill App2d 22, 24, 216 NE2d 173, the court stated that:

> To combat the harshness of a rule prohibiting contribution among tortfeasors in all cases, Illinois courts have developed certain exceptions where indemnity is allowed. In general these exceptions arise where the party seeking indemnity has been guilty of only "legal" or "technical" negligence,

---

[1] Plaintiffs and Mary Collins entered into a covenant not to sue, the validity of which is not here in question.

while the indemnitor has committed the "active" or "primary" negligence. . . .

The usual case in which this exception is applied involves a specific relationship where the defendant incurring derivative liability has neither participated in the wrongful act nor known of the condition which caused the injury. . . .

In the instant case Dudley was selling a product which in itself is enticing to children. By double-parking his vehicle and sounding the chimes thereon he actively sought to attract and solicit the patronage of members of the public, including children, from both sides of the street. Therefore, if Dudley was guilty of negligence, that negligence was not merely "legal" or "technical" but was "active" or "primary" in nature.

In their briefs the parties argue as to whether indemnification exists in the absence of a contractual or quasi-contractual relationship between the third-party plaintiff and third-party defendant. The trial judge, on dismissal of the complaint, questioned the soundness of the decision in Reynolds v. Illinois Bell Tel. Co., 51 Ill App2d 334, 201 NE2d 322, on this point. However, in light of our holding in the instant case, this point need not be considered.

The order dismissing the third-party complaint is affirmed.

Affirmed.

ENGLISH and McCORMICK, JJ., concur.