Leon Trzos, Plaintiff, v. Berman Leasing Company, a Domestic Corporation, Pacific Intermountain Express, a Foreign Corporation, Chicago Terminal Clearance, and Richard Laszczewski, Defendants.

James L. Emerick, d/b/a Chicago Terminal Clearance and Richard Laszczewski, Third-Party Plaintiffs-Appellants, v. Bobbe & Company, a Corporation, Third-Party Defendant-Appellee.

Gen. No. 50,812.

First District, Third Division.

August 11, 1967.

Howard, French and Healy, of Chicago, for appellants.

William M. Flaherty and William J. O'Brien, of Chicago, for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from an order dismissing a third-party complaint on motion of the third-party defendant. The plaintiff, Leon Trzos, filed an original complaint against Berman Leasing Company, Pacific Intermountain Express, James L. Emerick, d/b/a Chicago Terminal Clearance, and Richard Laszczewski. The complaint al-

leged that the plaintiff was on a scaffold painting a bridge or overpass extending across the Congress Street Expressway at 3800 West when he was struck and injured as a direct and proximate result of a tractor-trailer unit, negligently operated and controlled by defendant, Richard Laszczewski, the agent, servant and employee of defendant, Chicago Terminal Clearance, colliding with said scaffold.

The complaint set forth the following specific acts of negligence as the cause of plaintiff's injuries:

 (a) Failure to keep a lookout for plaintiff
 (b) Failure to control defendant's vehicle
 (c) Operation of defendant's vehicle at a dangerous and excessive rate of speed
 (d) Operation of defendant's vehicle with faulty and defective brakes
 (e) Failure to employ a competent and skilled driver
 (f) Failure to allow sufficient clearance between the tractor-trailer and the bridge
 (g) Careless operation and maintenance of defendant's tractor-trailer unit

Each of the allegations of the complaint was denied by the defendants, Chicago Terminal Clearance and Richard Laszczewski, excepting an allegation that the plaintiff, Leon Trzos, was lawfully working upon a scaffold attached to or upon a bridge extending over the Congress Street Expressway at or near the 3800 West Block in the City of Chicago, County of Cook, State of Illinois. As to that allegation, the defendants alleged that they did not have sufficient knowledge and therefore neither admitted nor denied said allegation.

The defendants, James L. Emerick, d/b/a Chicago Terminal Clearance, and Richard Laszczewski, filed a third-party complaint at law alleging that the plaintiff in the original complaint claimed to have sustained per-

sonal injuries when struck by a tractor-trailer unit under the control and supervision of third-party plaintiffs. A copy of the original complaint was attached to the third-party complaint. The third-party complaint also alleged that defendants to the original complaint had filed an answer denying any negligence or liability on defendants' part and averred that at all times they were exercising ordinary care for plaintiff's safety. The third-party complaint further alleged that third-party defendant Bobbe & Company was painting the bridge over and upon the eastbound lanes for vehicular traffic of Congress Street Expressway and that plaintiff, in his employment with third-party defendant, was on a scaffold at said location painting under the supervision and direction of the third-party defendant.

It further alleged that the original complaint stated that while plaintiff was lawfully working upon said scaffold attached to or upon said Independence Avenue bridge, the trailer truck of the defendants including third-party plaintiffs allegedly operating eastbound on said Congress Street Expressway at or near the Independence Avenue bridge, collided with and against the scaffold on which plaintiff was working causing plaintiff severe and permanent injuries. The third-party complaint then charged that the third-party defendant through its agents and employees carelessly and negligently did or omitted to do one or more of the following acts or omissions:

    a.   Constructed and maintained said scaffold in the path or space of eastbound motor traffic on said Congress Expressway,

    b.   Failed to construct and maintain said scaffold at a sufficient height to be clear of eastbound motor vehicle traffic on said Congress Expressway,

    c.   Failed to construct and maintain said scaffold at a sufficient height so it would not be upset or affected by eastbound motor vehicle traffic on said Congress Street Expressway,

179

d. Maintained and operated said scaffold so as to constitute a hazard to plaintiff and to eastbound motor vehicle traffic on said Congress Expressway,

e. Failed to provide plaintiff with a safe scaffold,

f. Maintained and operated said scaffold without closing from motor vehicle traffic the eastbound lanes on said Congress Street Expressway occupied by said scaffold,

g. Failed to post signs or warnings of said scaffold to eastbound motor vehicles in said Congress Expressway,

h. Failed to post signs or markers at a sufficient distance from said Independence Avenue bridge so as to provide for reasonable warning to eastbound motor vehicle traffic on said Congress Expressway against use of the eastbound lanes occupied by said scaffold,

i. Failed to post guards or other personnel to direct and divert eastbound motor vehicle traffic on said Congress Expressway from the lanes occupied by said scaffold,

The third-party complaint further alleged that in the event a judgment was entered or damages assessed against third-party plaintiffs under the original complaint, such judgment would be based upon technical or passive carelessness and negligence of third-party plaintiffs and not on any acts or omissions of active or primary carelessness and negligence of third-party plaintiffs. The third-party complaint then asked that in the event of the entry of judgment against the third-party plaintiffs in favor of the plaintiff in the original complaint, that immediate judgment be entered over against third-party defendant. The plaintiff in the original complaint is an employee of the defendant in the third-party action, Bobbe & Company.

180

■ The third-party plaintiffs raise only the point that the third-party complaint states a cause of action. The general rule of law applicable to situations of this kind is that where two parties acting together commit an illegal or wrongful act the party injured may hold both responsible for the damages resulting from their joint act and neither can recover from the other the damages he may have paid or any part of them.

■ As was pointed out in Gulf, M. & O. R. Co. v. Arthur Dixon Transfer Co., 343 Ill App 148, 98 NE2d 783, there are many exceptions to the general principle of noncontribution between tort-feasors recognized by the courts of this and other states and by the federal courts. A number of these exceptions are set forth in that case and one of the exceptions is, where the defendant in the original action is guilty of only passive negligence and the defendant in the third-party action is guilty of active negligence, the defendant in the original action may recover from the defendant in the third-party action the amount of the judgment rendered against the defendant in the original action.

From an examination of the original complaint it is impossible to determine whether the scaffold was hanging under the overpass, attached to the side, or on top of the overpass. Nevertheless the complaint did allege that defendant's truck struck the scaffold and many of the charges in the original complaint are charges of active negligence.

Section 25(2) of the Civil Practice Act (Ill Rev Stats 1963, c 110, par 25(2)), which provides for the third-party complaint, reads in part as follows:

"(2) Within the time for filing his answer or thereafter by leave of court, a defendant may by third-party complaint bring in as a defendant a person not a party to the action who *is* or *may be* liable to him for all or part of the plaintiff's claim against him. . . ." (Emphasis supplied.)

181

■ As was said in Blaszak v. Union Tank Car Co., 37 Ill App2d 12, 16, 184 NE2d 808: "It does not have to appear with certainty that there will be a recovery over against the third-party defendant. It is sufficient that the pleadings show a possibility of recovery."

■■ From an examination of the pleadings evidence could be introduced which would justify a recovery under the third-party complaint. To say that a charge of active negligence on the part of the defendant in the original complaint would necessarily preclude a recovery against the defendant in a third-party complaint is not being realistic. The plaintiff in the original complaint might well show by proof that the defendants and third-party plaintiffs were guilty of some type of passive negligence, and then amend the complaint to conform the pleadings to the proofs at any time before or after judgment, in conformity with section 46(3) of the Civil Practice Act (Ill Rev Stats 1963, c 110, par 46(3)). If merely by alleging active negligence in the original action, the defendants to that action would have their third-party complaint dismissed and some time later when the case was reached on the trial calendar and was tried, the plaintiff was able to prove only passive negligence against the defendants, the rights of the defendants in the original case would be materially prejudiced. Also, we think that it is not sufficient to look at the original complaint alone to see whether the allegations are of active or passive negligence in order to determine the sufficiency of or right to maintain the third-party complaint. In the instant case all allegations of active negligence are denied by the defendants to the original complaint. One of the charges of negligence in the original complaint is designated as (g) "Otherwise, carelessly and negligently operated and maintained said vehicle." Under this allegation passive negligence could be proven against the defendants, in which case they would be entitled in their

182

third-party action to recover against the third-party defendant if it were guilty of active negligence. Furthermore, if we assume that at the trial the plaintiff proved that the scaffold was so constructed by the third-party defendant, Bobbe & Company, as to constitute an obstruction, in a public highway, to the vehicular travel and no precautions were taken to post warnings for eastbound traffic on Congress Street Expressway at that location, then the third-party defendant would be guilty of active negligence, whereas the third-party plaintiffs might very well have been guilty only of passive negligence, assuming the defendants to the original complaint struck the scaffold with their vehicle. As was pointed out in the Dixon case, supra, mere motion does not define the distinction between active and passive negligence. The fact that the third-party plaintiffs' truck was in motion does not of itself constitute active negligence.

In Miller v. DeWitt, d/b/a DeWitt-Amdal & Associates, 37 Ill2d 273, 226 NE2d 630, plaintiffs were injured as the result of the collapse of the roof of a school gymnasium on which they were working as employees of a contractor, Fisher-Stoune, Inc. Action was brought to recover for their injuries against the supervising architects and the owner. The architects filed a third-party complaint against the contractor which complaint was dismissed on the contractor's motion before any evidence was heard. In that case the Supreme Court cited with approval Blaszak v. Union Tank Car Co., supra, where it was said that the purpose of a third-party action is to permit the determination of the rights and liabilities of all parties before a single tribunal and upon the same evidence. The contractor in Miller, supra, insisted that since the original complaint and third-party complaint contained similar allegations of negligence, there could be no indemnity over between two active wrongdoers. The court there said on page 290:

183

". . . We do not agree with this conclusion. While the original complaint does contain allegations of active wrongdoing, this does not constitute the sole basis for liability on the part of the architects. As we have suggested before, the jury could have properly based their verdict on the failure of the architects to stop work or prevent the contractor from performing its duties in an unsafe manner. If the jury could properly find that any injury was directly caused by improper construction methods and techniques used by a contractor, and, as we hold, that the architect was liable only by reason of a failure to stop work on the job, we think that the jury could find that the contractor was an active tortfeasor while the architect's fault was merely passive. . . . The Supreme Court agreed with Rovekamp v. Central Const. Co., 45 Ill App2d 441, 449, wherein we said: "Who is the more culpable, a party who supervises and coordinates the overall project, or a party who is responsible for the scaffolding and the particular work which produced the injury? . . . Neither can escape liability to the (injured) plaintiff—thus the purpose of the Act is accomplished—but the lesser delinquent, if held accountable by the plaintiff, can transfer its statutory liability to the active delinquent, whose dereliction from duty brought about plaintiff's injury."

The court there concluded that that was a proper case for a third-party complaint and reversed the trial court's order in dismissing the architect's third-party complaint on motion without presenting the issue to the jury. We believe in the instant case the jury could properly find that the injury was directly caused by improper construction methods and location of the scaffolding, and that the defendants (third-party plaintiffs) were liable

184

only by reason of a failure to avoid striking a hazardous obstruction in the highway (namely, a scaffold), the presence of which could not have been anticipated by the third-party plaintiffs. In such case the third-party plaintiffs could very well be guilty only of passive negligence. Or, let us assume, since the defendants to the original complaint have denied the charges of active negligence in the original complaint, that the defendants (third-party plaintiffs) did not strike the scaffold but the suction from the movement of the vehicle caused the scaffold to sway, resulting in the injury to the plaintiff, then the defendants (third-party plaintiffs) might well be held guilty of only passive negligence, whereas the defendant in the third-party complaint, who negligently constructed the scaffold so that it constituted an obstruction to highway travel and failed to provide the plaintiff with a safe place to work, would be guilty of active negligence.

Many cases cited by the third-party defendant in its brief are cases in which the evidence had been heard and have no relevance to the specific question which is presented here on the pleadings.

We agree with the decisions in Reynolds v. Illinois Bell Tel. Co., 51 Ill App2d 334, 201 NE2d 322, and Campbell v. Joslyn Mfg. & Supply Co., 65 Ill App2d 344, 212 NE 2d 512, that under the situations presented there and in the instant case we cannot determine whether the negligence is active or passive until all the evidence is heard at the time of trial.

Third-party defendant contends that since Leon Trzos, the plaintiff in the original action, was an employee of the third-party defendant, his exclusive remedy under the Illinois Workmen's Compensation Act would prevent recovery or derivative liability for injury to its employee. The cases of Moroni v. Intrusion-Prepakt, Inc., 24 Ill App2d 534, 165 NE2d 346, and Miller v. DeWitt,

185

supra, have resolved this issue adversely to the third-party defendant.

Third-party defendant also contends that it has available to it the defense of contributory negligence of the plaintiff, Leon Trzos, and the dismissal of the third-party complaint was properly ordered. We do not think this contention is well founded. The original complaint alleges that the plaintiff was in the exercise of due care and caution for his own safety and the safety of others. The third-party plaintiffs in their answers to the original complaint denied the allegation with reference to the due care exercised by the plaintiff. In order for the plaintiff to recover from the third-party plaintiffs, under the existing pleadings, it will be necessary for him to prove that he was not guilty of contributory negligence. If the plaintiff in the original action recovers against the third-party plaintiffs it would be because the plaintiff was, in fact, free from contributory negligence.

We conclude, therefore, that the court erred in dismissing the third-party complaint and that the case must be reversed and remanded to the trial court with instructions to reinstate the third-party complaint.

Reversed and remanded.

SCHWARTZ and DEMPSEY, JJ., concur.