Theodore Mierzejwski, Plaintiff, v. Chet Stronczek, d/b/a Crest Fuel and Material Transportation, Defendant,

### and

Chet Stranczek, d/b/a Crest Fuel and Material Company, a/k/a Crest Leasing Company, Third-Party Plaintiff-Appellant, v. Allied Tube and Conduit Corporation, a Corporation, Third-Party Defendant-Appellee.

**Gen. No. 52,163.**

First District, Second Division.

October 1, 1968.

John W. Gilligan, of Chicago (Joseph B. Lederleitner, of counsel), for appellant.

John R. Sullivan, of Chicago, for Allied Tube & Conduit Corporation, third-party defendant-appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

This is a case involving a third-party proceeding for indemnity. The defendant third-party plaintiff, Chet Stranczek, d/b/a Crest Fuel & Material Company, a/k/a Crest Leasing Company, appeals from the entry of an order by the Circuit Court on January 16, 1967, striking and dismissing Counts I and II of his three-count complaint for indemnity against the instant defendant, Allied Tube and Conduit Corporation. The judgment order from which he takes this appeal, having disposed of fewer than all the claims asserted, contained the requisite finding of finality that "there is no just reason for delaying

enforcement or appeal." (Ill Rev Stats (1967) c 110A, par 304).[1]

■ The dispute comes before this court limited in scope to the factual averments of the respective pleadings. We must assume accordingly as true for purposes of appellate determination, the facts well pleaded by the complaint under consideration which allegations are taken as uncontested by virtue of the admissions inherent in defendant's motions to strike and dismiss. Rovekamp v. Central Const. Co., 45 Ill App2d 441, 195 NE2d 756 (1964).

The ancillary proceeding at bar emanates from an original common-law action by one Theodore Mierzejwski brought against the instant plaintiff for personal injuries sustained in a vehicular mishap on May 15, 1965. By his complaint (attached as Exhibit B to the complaint now in issue), the injuries were described as having occurred when a certain truck in which Mierzejwski was riding as a passenger swerved out of control and over an embankment. The vehicle so involved was at that time under lease from the instant plaintiff to the third-party defendant and was being used by the latter's employees, Mierzejwski and the driver, in the course and furtherance of their employer's business. The facts indicate that the truck had remained in the uninterrupted possession and control of the third-party defendant for four months next preceding the accident.

By Mierzejwski's complaint, plaintiff, as the lessor of the vehicle, was charged in two counts with certain alleged negligent acts and/or omissions proximately causing the injuries sustained; to wit, (1) failure of plaintiff to properly inspect, maintain and repair said vehicle and its appurtenances, and (2) failure of plaintiff to inspect the brakes of and/or the vehicle leased, his letting of the

---

[1] Formerly Ill Rev Stats (1965) c 110, par 50(2) without substantive change.

vehicle in a highly dangerous and defective condition, and failure to warn of a defective condition of which plaintiff knew or in the exercise of reasonable care should have known.

To this complaint, the instant plaintiff filed an answer alternatively denying or stating no knowledge as to each of the material averments thereof. Thereafter, by leave of court, plaintiff instituted the present proceedings by third-party complaint, impleading the lessee of the truck and attaching as Exhibit A thereto the written lease agreement between the immediate parties, dated January 2, 1965, in force at the time of the occurrence. With respect to the arguments advanced on appeal, the pertinent provisions of that agreement recited:

"3. The Lessee, at its own cost and expense, shall make all ordinary repairs necessary to maintain the said vehicle in good running condition; shall maintain each vehicle so it will present a neat appearance; and shall furnish all fuel, oil, lubricants and garage space for said vehicle.

"However, in case of breakdown due to structural or mechanical defects, the Lessor shall promptly repair the vehicle after receipt of notice from Lessee that any vehicle has become disabled. . . .

. . . . . .

"5. The vehicle shall be operated by a safe, competent and duly-licensed driver selected, employed and under the orders and directions of and paid by the Lessee. . . .

"6. The Lessee shall be liable for all claims against Lessor or Lessee arising out of the negligent operation of the vehicles leased, and therefore shall reimburse Lessor for any judgment therefor or part thereof recovered against Lessor

72

which is not satisfied out of the proceeds of insurance provided for in the following paragraph. . . .

. . . . . .

"9. Motor vehicles leased hereby shall be under exclusive and complete possession, use, direction and control of Leassee [sic] during the period of this lease. . . ."

Plaintiff sounds this action over for indemnity in two alternative and mutually exclusive counts founded respectively upon principles of contract and tort liability. Count I predicates itself, inter alia, upon the contractual relationship and obligations of the parties under their lease agreement. It asserts, as the basis of the action, defendant's breach of the express indemnity covenant of paragraph 6 thereof as well as the breach of an implied duty to perform its obligations under the contract in a reasonably safe manner.

By Count II in tort, plaintiff alleges that defendant, by and through its employee, operated and utilized the leased vehicle by improper use of the braking devices at both excessive speeds and without maintaining the proper lookout, and that this negligent conduct was the proximate cause for the complained of injuries to Mierzejwski. Plaintiff prays, on the basis of respondeat superior, for contribution as but a passive tort-feasor, if himself liable, from defendant as the more culpable or procuring wrongdoer for any sums he might be adjudged to suffer to the principal plaintiff.

Plaintiff's prayer in Count III of the complaint (as amended) for property damage to the truck was not the object of dismissal below and is in no way involved in this appeal.

It is apparent from the state of this record that as to Count I of the complaint, the judgment order of dismissal

73

should be vacated. Defendant had been represented in the trial court proceedings by separate counsel as to Counts I and II respectively, each having successfully entered a motion to strike and dismiss in its behalf. As to plaintiff's pursuit of Count I of his complaint for contractual indemnity, defendant has neither been represented by counsel nor in any capacity endeavored to defend its cause in the reviewing court, albeit the prevailing party on the issue below. Counsel appearing and arguing in defendant's behalf in this appeal has, moreover, expressly acknowledged to the court that his representation was limited to a defense of the dismissal of Count II.

Our recent holding in Halperin v. Darling & Co., 80 Ill App2d 353, 225 NE2d 92 (1967), involving a similar action brought upon the express indemnity provision of a lease, is not to be misconstrued as applicable to the present factual circumstance. There, unlike the case at bar, the asserted acts of negligence were those of the lessor who sought the benefit of the lessee's express covenant to indemnify. By the peculiar circumstances manifesting themselves in the instant case, we are not in a position to say that justification exists for barring plaintiff's pursuit of this action beyond the pleadings stage. Where, as here, the pleadings set forth allegations which evidence some possibility of recovery under the terms or tenor of the contract, the action is improperly dismissed on motion. Blaszak v. Union Tank Car Co., 37 Ill App2d 12, 184 NE2d 808 (1962); DeTienne v. S. N. Nielsen Co., 45 Ill App2d 231, 195 NE2d 240 (1963). In any event, where the moving party has in all respects perfected his appeal, the appellee's acquiescence in and to the ex parte arguments advanced on appeal are deemed tantamount to a confession of error warranting a reversal and remandment of the cause without an initial examination into the merits of the case. Paulson v. Ades, 71 Ill App2d 464, 218 NE2d 836 (1966).

There remains to be resolved the single question of whether Count II of the complaint under consideration alleges sufficient provable facts to state a cause of action for contribution; i. e., indemnity. The expeditious solution offered by defendant, and with which we do not understand plaintiff to dispute in principle, bars as a general proposition attempts at contribution among joint tort-feasors. Our attention, however, has been called to the recognition and efforts of the courts of this State to mitigate the sometimes harsh consequences flowing from a rigid adherence to the absolute bar of the rule. Responding to these inequities, there has evolved, as is discussed in Sargent v. Interstate Bakeries, Inc., 86 Ill App2d 187, 229 NE2d 769 (1967), certain correlative principles of ad hoc application to meet the exigencies of particular situations.

■ ■ Notable among these excepting circumstances is the judicially created theory of implied indemnity, whereby, on the basis of an imposed in law duty of care, a party seeking to be indemnified, whose fault is limited to negligence in a technical or passive sense, is allowed restitution from an indemnitor whose acts of causal negligence are active or primary in nature. Stewart v. Mister Softee of Illinois, Inc., 75 Ill App2d 328, 221 NE2d 11 (1966); Spivack v. Hara, 69 Ill App2d 22, 216 NE2d 173 (1966). The basis of the action can be of a noncontractual or quasi-contractual character; Reynolds v. Illinois Bell Tel. Co., 51 Ill App2d 334, 201 NE2d 322 (1964) founded upon the breach of this implied common-law duty. It is to this multifaceted legal theory that plaintiff addresses Count II of his complaint under the misnomer of a prayer for contribution.

While the underlying rationale for indemnity thus becomes apparent, some description of a rule to encompass the diverse situations by which it might arise continues to escape a workable definition, particularly absent an

75

accurate measurable distinction between the meanings of active and passive or primary and secondary negligence. Feirich, Third Party Practice, 1967 LF 236 (244). This anomaly, in turn, has occasioned a lack of uniformity in results from the application of the general principle to essentially similar factual cases. Compare Stewart v. Mister Softee of Illinois, Inc., 75 Ill App2d 328, 221 NE2d 11 (1966) and Sargent v. Interstate Bakeries, Inc., 86 Ill App2d 187, 229 NE2d 769 (1967).

■ Difficulties in implementing the rule have been further extended by the fairly recent advent of permissible third-party practice in our State. Pursuant to section 25(2) of the Civil Practice Act, a defendant may now implead by third-party complaint any nonparty to the original action; "who is or may be liable to him for all or part of the plaintiff's claim against him," the statute conspicuously noting that; "Nothing herein . . . creates any substantive right to contribution among tort-feasors . . . which has not heretofore existed." (Ill Rev Stats (1967) c 110, par 25(2).) While the objectives of the statute are administratively oriented to avoid multiplicity of lawsuits and a reduplication of evidence, it is of importance to the instant case to note that, by its use of terms, the permissible provisions of this section cannot be utilized as a tactical ploy for tendering or substituting a new defendant to the original plaintiff.

This restriction substantially reflects the premise upon which defendant argues in support of the dismissal of Count II. Directing the emphasis of its theory to the decisions in Shulman v. Chrysler Corp., 31 Ill App2d 168, 175 NE2d 590 (1961) and Shapiro v. Gulf, M. & O. R. Co., 256 F2d 193 (7th Cir, 1958), defendant contends that by Count II plaintiff interposes what would constitute a valid defense to the action asserted against him, but nonetheless an unauthorized method for the transferring of liability to another under the same claim or basis of relief.

Defendant submits that, depending upon the eventual proofs adduced in Mierzejwski's case, it appears from the face of the pleadings that plaintiff will be either primarily and individually responsible for his negligence or absolved from liability altogether, and as to either contingency, precluded from seeking indemnity. Such a position, we might add, has itself been criticized as tending to frustrate the purpose to be served by section 25(2). Feirich, Third Party Practice, 1967 LF 236 (256).

In our opinion in the Shulman case, the facts were exactly the reverse of those now before us. There, the third-party plaintiff was sued for her negligent failure to apply the brakes of her vehicle causing a rear-end collision with the plaintiff. Miss Shulman filed a third-party complaint against Chrysler Corporation whom she alleged was in the business of manufacturing, selling and distributing Dodge automobiles through a certain authorized dealer who sold the vehicle in question to a member of her family in a defective condition. In Shulman, however, the indemnity action was advanced upon principles of strict liability absent some privity between the parties thereto. The defect complained of, moreover, bore no reasonable relationship to the independent charges of fault brought against the indemnitee. The case was not decided on the basis of the disparity of negligence. Defendant's Shapiro case is similarly inapplicable. There, the third-party action was asserted by means of a cross claim by one codefendant against the other who were alleged to have participated in concurrent acts of negligence. Unlike the present case, the court in Shapiro was in a position to affirmatively conclude that the pleadings taken together showed the two parties to be joint tortfeasors, hence barring the third-party plaintiff from seeking contribution under the governing substantive law of Illinois.

77

In the instant case, such conclusions do not obtain from the pleadings. Defendant's theory suffers from the misconception that the court is to view these pleadings in a vacuum. This, of course, would be to ignore the almost limitless developments of which the principal action is capable, for the pleadings may not, with the desired measure of accuracy, disclose the relative degrees of culpability of the conduct involved. As noted in Sargent v. Interstate Bakeries, Inc., 86 Ill App2d 187, 229 NE2d 769 (1967), allegations of negligence in either of the complaints may not be sustained by the evidence, disputed questions of fact might arise by virtue of conflicts in the testimony, and some allegations may be withdrawn or others added to conform to the proofs.

■ Accordingly, the third-party complaint, on the strength of its admitted factual averments, need only evidence some possibility of recovery. If the court cannot determine with certainty from the pleadings that the negligence set forth against the indemnitee in the original complaint is, in all its respects, primary in nature, and the complaint for indemnity cannot be said, as a matter of law, to allege only misconduct of a less culpable nature, then the decision as to who should bear the eventual burden of liability is one rightfully entitled to be reserved for a hearing on the merits of the cause. Miller v. De Witt, 37 Ill2d 273, 226 NE2d 630 (1967).

We think it thus apparent that a third-party plaintiff seeking indemnity should not, of necessity, be bound by the characterization of his particular conduct as active or primary, as it appears in the complaint in chief, which remains a question of fact for a jury or court to alone resolve after a hearing on the evidence. Miller v. DeWitt, supra; Sargent v. Interstate Bakeries, Inc., 86 Ill App2d 187, 229 NE2d 769 (1967); Campbell v. Joslyn Mfg. & Supply Co., 65 Ill App2d 344, 212 NE2d 512 (1965). Herein lies the unrealistic assumption upon which defendant's reasoning must rely.

Here, we observe that both complaints allege unintentional and mutually independent acts of misfeasance and nonfeasance. There is no question but that the third-party principals shared a common interest involving reciprocal duties in their relationship to the injured party as well as one another, and that this relationship antedated the liability creating incident. By the first complaint, plaintiff is charged with negligent acts and/or omissions which are limited in their context to the defective condition of the leased vehicle, and in more specific terms its braking system.

■ While these averments would appear to address themselves to negligence of a primary character, the mere existence of these allegations in the original complaint should not be countenanced as grounds to foreclose the indemnitee upon his action over at the pleadings stage. By our interpretation of the cited authorities, it is not decisive that the separate acts of wrongdoing alleged by these two complaints differ in kind or that plaintiff endeavors to save himself harmless on the basis of the breach of a legal duty unrelated to that set forth in the complaint brought against him. So long as there is evidenced by the pleadings some foundation upon which one might weigh or measure the relative degrees of fault, we think the action to be appropriately taken.

To this extent at least, the question presented for determination is not one unprecedented in our jurisdiction. In Blaszak v. Union Tank Car Co., 37 Ill App2d 12, 184 NE2d 808 (1962), the lessor of a railroad tank car was sued for damages by the lessee's employee for injuries sustained when the tank car lid blew off. The theory of that action was that the lessor (Union) had furnished a car in an unclean condition containing defective steam pipes and other appliances. Union filed a third-party complaint against the lessee (Shell) citing the parties' "Car Service Agreement" and alleging that Shell had the duty to clean the tanker and see that it was in proper

condition for shipment. The contract contained no express indemnity agreement by the lessee. Reversing the dismissal of the latter complaint, the court concluded:

> "The pleadings here show that Shell and Union entered into a tank car leasing agreement under which Shell assumed some responsibility for the condition of the cars covered by the lease. . . . Until evidence is presented we cannot say whether plaintiff is entitled to relief, and if so, who was primarily responsible for the injuries. Therefore it was error to dismiss the third-party complaint."

Concomitant with the spirit in which section 25(2) was enacted, we would not think it appropriate to strictly confine in application the reasoning implicit in Blaszak to instances where the negligence asserted against the lessor of the chattel and, in turn, brought by it against the lessee for indemnity are different in degree but identical in kind. This we do not understand to be the proper criterion within the meaning of the foregoing discussion, lest the court were to be in dereliction of its duty to examine the entire realm of conceivable proofs in the two cases.

As between Mierzejwski and plaintiff, clearly the latter might well be liable, but as between plaintiff and the third-party defendant, that same contributory conduct may be shown to be substantially less culpable. The vehicle involved had remained out of plaintiff's possession and control for approximately four continuous months preceding the accident. Among the other possibilities, it is not unreasonable to surmise that a jury could conclude that the defects complained of by Mierzejwski, assuming them to be true, merely furnished a condition upon which the defendant's negligence operated to actively occasion the injuries in question. Accordingly, we cannot say with certainty, on the basis of these pleadings, that plaintiff's particular conduct was any more or less culpable. As be-

tween the parties in privy to the dispute, we think that the pleadings suffice to demonstrate a common-law relationship which bears the potential of giving rise to a derivative duty to indemnify.

For the above reasons, the judgments as to both Counts I and II are reversed, and the cause is remanded with directions that the third-party defendant be compelled to answer.

Reversed and remanded with directions.

BURKE, P. J. and McNAMARA, J., concur.