Michael Mullins, a Minor, by Martha Mullins Schaefgen, His Mother and Next Friend, Plaintiff, v. Crystal Lake Park District, a Municipal Corporation, Crystal Lake Junior Chamber of Commerce (a/k/a Jaycees), a Non-Profit Corporation, and Melrose Display Fireworks, Inc., a Corporation, Defendants-Counterplaintiffs-Appellants, v. Thomas A. Stokes, a Minor, Defendant-Counterdefendant-Appellee.

Gen. No. 70–2.

Second District.

September 25, 1970.

Diver, Ridge, Brydges and Bollman, of Waukegan, and Kell and Conerty, of Woodstock, for appellants.

Robert F. Casey and George E. Krippner, of Geneva, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

The corporate defendants' counterclaim seeking indemnity against Stokes, a minor defendant,[1] was dismissed on the pleadings. Counterplaintiffs appeal, claiming that a cause of action was properly stated based upon the theory of active-passive negligence.

The complaint of Michael Mullins, a minor, alleged that the Park District owned land which it leased to the Junior Chamber of Commerce for the purpose of conducting a fireworks display; that on July 4th, 1967, the Melrose Corporation erected a fireworks display in conjunction with the Jaycees; that on that date the defendant Stokes stole some fireworks from the display; thereafter he gave one or more of the stolen fireworks to the plaintiff, Mullins; and sometime later Mullins lit one of the fireworks, it exploded, and Mullins was injured.

---

[1] The original record discloses that there were two other minor defendants besides Stokes alleged to have conspired with him to take the fireworks, but we have been advised in oral argument that these defendants and counterdefendants were dismissed from the case.

In substance, the negligence charged against the corporate defendants is as follows: failure to provide adequate personnel to prevent access by minors to the display area, failure to employ a safe method to maintain an accurate inventory and accounting of the fireworks, failure to have all the fireworks placed out of reach of minors, failure to adequately supervise and control the use of the premises for an extraordinarily dangerous activity, failure to secure the fireworks, and failure to make public warnings of the dangers involved.

The counterclaim alleged that Stokes, with the assistance of tools, intentionally stole fireworks from the display; that, after stealing such fireworks, he passed some on to the plaintiff without warning the plaintiff of any dangers incident thereto; that subsequently one of the fireworks exploded and that plaintiff claimed injuries therefrom. The counterclaim further alleged that if any one of the counterplaintiffs is found liable to plaintiff, such liability will be based on one or more of the allegations of negligence contained in plaintiff's complaint, or upon such other negligence as may be proved at trial and added by amendment to the complaint, but that such negligence as may be proved is of only a passive nature, and that counterdefendant's intentional activities in stealing the fireworks and passing them on to plaintiff without warning constitute active negligence. The counterplaintiffs claim that they are entitled to indemnity based on the active-passive negligence exception to the no contribution rule. An additional count of the counterclaim sets forth essentially the same facts except that it claims that counterdefendant was guilty of wilful and wanton misconduct.

Counterplaintiffs argue that their complaint is legally sufficient in that it shows a possibility of recovery against the alleged indemnitor Stokes, who intentionally stole the fireworks and negligently or wantonly gave

them to plaintiff. They reason that since both they and Stokes are charged as joint tort-feasors with a nondelegable duty to the plaintiff, a relationship between them has been alleged giving rise to the potential qualitative distinction that counterplaintiffs' negligence is passive, permitting them to be indemnified by Stokes, whose acts are alleged to amount to active negligence.

Stokes argues that the pleadings do not disclose any relationship upon which the duty to indemnify may be predicated, that the alleged negligence of the counterclaimants and of Stokes, though combining to injure plaintiff, were separate and distinct acts of negligence. The counterdefendant urges that, as a matter of public policy, the degree of care required of those who conduct a display of fireworks cannot be considered merely passive.

The more recent authorities in this State have recognized that although there is no contractual or quasi-contractual relationship between the parties, a cause of action may be stated when two or more parties are alleged to have been involved in causing injury to a third person, entitling the party whose conduct is merely passive or secondary in the sense of culpability to indemnity against the party whose negligence is the active or primary cause of the injury. Reynolds v. Illinois Bell Tel. Co., 51 Ill App2d 334, 336, 337, 201 NE2d 322 (1964); Sargent v. Interstate Bakeries, Inc., 86 Ill App2d 187, 201, 229 NE2d 769 (1967). See also Trzos v. Berman Leasing Co., 86 Ill App2d 176, 183, 229 NE2d 787 (1967).

Although the pleadings were dismissed for failure to allege any relationship or circumstances connecting the parties in Muhlbauer v. Kruzel, 39 Ill2d 226, 230, 231, 232, 234 NE2d 790 (1968), the Supreme Court recognized that the doctrine of implied indemnity exists if a potential relationship between the parties is pleaded and the liability of one party is primary and the other is

231

secondary.[2] Here, the counterplaintiffs do not deny any connection with Stokes. They allege that they were lessor, lessee and displayer, respectively, in connection with the fireworks display. They allege that Stokes stole the fireworks from that display and admit that the fireworks taken from the display were given to plaintiff and caused his injury. We believe that this sufficiently alleges the relationship or circumstances between the parties sufficient upon which to predicate an action for indemnity.

The cases which have been cited by defendant Stokes as authority for his argument that no cause of action has been stated against him are distinguishable. In Chicago & Illinois Midland Ry. v. Evans Const. Co., 32 Ill2d 600, 607, 208 NE2d 573 (1965) ; Spivack v. Hara, 69 Ill App 2d 22, 26, 216 NE2d 173 (1966) ; Marshall Field & Co. v. J. B. Noelle Co., 81 Ill App2d 409, 26 NE2d 454 (1967), the claim for indemnity was ruled upon after a trial in which the respective culpabilities of the parties had been established and which resulted in the conclusion that under the evidence no action for indemnity based on an active-passive or primary-secondary fault was proven. In Gillette v. Todd, 106 Ill App2d 287, 294, 245 NE2d 293 (1969), the defendant was charged with negligence arising from his alleged physical act of pushing open a door against the plaintiff. The physical act causing the injury could only be classified as active negligence as a matter of law and, therefore, precluded indemnity. Likewise, in Stewart v. Mister Softee of Illinois, Inc., 75 Ill App2d 328, 331, 221 NE2d 11 (1966), the charge of negligence against the defendant that he double-parked his vehicle and sounded chimes to entice a child into a posi-

---

[2] We note that the opinion cited both the Reynolds and the Sargent cases without disapproval. In both of those cases, no prior relationship of any kind existed between indemnitor and indemnitee and only the circumstances of concurring acts of negligence, differing qualitatively, supported the indemnity action over.

tion of danger, was active or primary in nature as a matter of law and thus precluded indemnity.

■ Upon trial it may be determined that the defendants-counterplaintiffs have been guilty of active negligence which would preclude indemnity. However, we cannot say, upon the basis of the pleadings before us, that there is clearly no possibility of recovery against the alleged indemnitor. When a cause of action is stated which could result in potential recovery, the complaint for indemnity should not be dismissed at the pleading stage. Miller v. DeWitt, 37 Ill2d 273, 287, 288, 226 NE2d 630 (1967); Muhlbauer v. Kruzel, supra, 39 Ill2d 226, 234 NE2d 790 at pages 231, 232; Harvan v. Arthur C. Trask Co., 47 Ill App2d 403, 408, 198 NE2d 183 (1964).

■ We next consider counterdefendants argument that as a matter of public policy the counterplaintiffs are not entitled to recover. Stokes reasons that since counterplaintiffs are charged with the highest degree of care in handling fireworks and that the duty is particularly directed at protecting the class of minors which includes both the plaintiff and Stokes, it would be unfair for counterplaintiffs to transfer this high obligation.

Counterdefendant has furnished us with no authorities which declare such public policy. The authorities furnished stand for the rule that reasonable care is required, commensurate with the dangerous nature of explosives, and that in particular circumstances this may call for the highest degree of care particularly toward minors.[3] (Haas v. Herdman, 284 Ill App 103, 109, 110,

---

[3] We have not found that the expression of the "highest degree of care" as stated in the explosive cases necessarily determines the degree of care required in handling fireworks. Public display of fireworks was held to be within general standards of negligence in Cornwell v. Bloomington Business Men's Ass'n, 163 Ill App 461, 466 (1911). Similarly, see 81 ALR2d 1207, Annotated. See also Dabrowski v. Illinois Cent. R. Co., 303 Ill App 31, 41, 24 NE2d 382 (1939).

1 NE2d 568 (1936)—(dynamite); Bunyan v. American Glycerin Co., 230 Ill App 351, 357 (1923)—(nitroglycerin); Stewart v. United States, 186 F2d 627 (1951)—(grenades).) Even if it could be said that counterplaintiffs herein as a matter of law had the duty of exercising the highest degree of care, we know of no expression of public policy or law which precludes showing that the breach of duty constituted passive negligence, thus permitting indemnity from the joint tort-feasor whose negligence was active or primary in causing the injury.

The order dismissing the counterclaim is, therefore, reversed and the case remanded.

Reversed and remanded.

DAVIS, P. J. and ABRAHAMSON, J., concur.