DEE ANN LOEHR, Plaintiff, v. ILLINOIS BELL TELEPHONE COMPANY et al., Defendants—(ILLINOIS BELL TELEPHONE COMPANY, Counterplaintiff-Appellant, v. M. WEIL & SONS, INC., Counterdefendant-Appellee.)

(No. 58649;

First District (1st Division)—July 15, 1974.

HALLETT, J., specially concurring.

Donald H. Sharp, L. Bow Pritchett, Edward Butts, and Richard G. Siegel, all of Chicago, for appellant.

John J. Reidy, of Chicago, for appellee.

Mr. PRESIDING JUSTICE EGAN delivered the opinion of the court:

The plaintiff, Dee Ann Loehr, sued to recover damages for personal injuries sustained due to the negligence of the defendants, Illinois Bell Telephone Company (Illinois Bell) and M. Weil & Sons, Inc. (Weil). Each defendant filed an answer to the complaint, and Illinois Bell filed a counterclaim for indemnity against Weil alleging that any negligence of Illinois Bell was passive and that of Weil was active. The court entered an order on November 21, 1972, sustaining Weil's motion to dismiss the counterclaim with prejudice. In its order the court made the appropriate finding rendering the order appealable. The only issue is whether the third-party complaint alleged a cause of action for common-law indemnity.

The complaint by Loehr alleged that Illinois Bell "negligently and carelessly loaded tree branches and debris on its truck so that it fell" into the street in the path of Loehr's automobile causing her to make a sudden stop. It further alleged that Weil negligently operated a vehicle "too fast for conditions," failed to maintain a proper lookout and followed the plaintiff's vehicle too close. The counterclaim of Illinois Bell attached a copy of the Loehr complaint and alleged that if Illinois Bell was found guilty of negligence as alleged in the complaint its negligence was "merely passive in that the only negligence alleged here is permitting a certain twig or stick to fall to the pavement in front of plaintiff's vehicle, which twig or stick did not even come in contact with the plaintiff's vehicle."

Illinois Bell's first contention is that it was error to dismiss the complaint on motion, arguing that evidence was required to determine the type of negligence the defendants had committed. The same argument has been discussed in other appellate court cases with inconsistent results. Cases which reversed orders dismissing third-party complaints include *Mullins v. Crystal Lake Park District*, 129 Ill.App.2d 228, 262

N.E.2d 622, *Mierzejwski v. Stronczek*, 100 Ill.App.2d 68, 241 N.E.2d 573, *Sargent v. Interstate Bakeries, Inc.*, 86 Ill.App.2d 187, 229 N.E.2d 769, *Trzos v. Berman Leasing Co.*, 86 Ill.App.2d 176, 229 N.E.2d 787, and *Blaszak v. Union Tank Car Co.*, 37 Ill.App.2d 12, 184 N.E.2d 808. Others have upheld dismissals on the pleadings: *Burke v. Skyclimber* (Sup.Ct. No. 46160, filed July 1, 1974); *Lindner v. Kelso Burnett Electric Co.*, 133 Ill.App.2d 305, 273 N.E.2d 196; *Gillette v. Todd*, 106 Ill.App.2d 287, 245 N.E.2d 923. With the exception of the *Mullins* case, all of those reversing dismissals preceded the case of *Muhlbauer v. Kruzel*, 39 Ill.2d 226, 234 N.E.2d 790. The *Muhlbauer* court took note of those cases, including some cited by Illinois Bell here, which upheld complaints "[b]ecause a plaintiff may amend his complaint, even after trial, to conform the pleadings to the proof." (The *Mullins* court took the position that *Muhlbauer* cited the cases "without disapproval." In *Moody v. Chicago Transit Authority*, 17 Ill.App.3d 113, 307 N.E.2d 789, the specially concurring opinion concluded that *Muhlbauer* had overruled them by implication.) Nonetheless, the *Muhlbauer* court upheld the dismissal of a complaint saying:

. "We recognize that the policy of section 25(2) can be frustrated by a rigid and formal approach to the pleadings; nevertheless, a third-party complaint must disclose some relationship upon which a duty to indemnify may be predicated." 39 Ill.2d at 231-32.

Illinois Bell argues here, as apparently the third-party plaintiff in *Muhlbauer* did, that complaints may be amended to conform to the proof; and "the evidence may show that Illinois Bell did not load the branches but merely failed to inspect the branches loaded by someone else, or it may show that the branches were properly loaded but that a branch unexpectedly broke off from a larger branch." It would appear that if the latter hypothesis suggested by Illinois Bell is supported by the evidence, there would be nothing for which to indemnify it because it would be found not guilty. But we are sure other factual situations could be supplied by conjecture by Illinois Bell to support a complaint for indemnity.

■■ The *Muhlbauer* opinion pointed out that the purpose of section 25(2) of the Civil Practice Act was "to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third-party defendant." Judicial economy and the right of a defendant after a judgment against him to a speedy resolution of his action over are laudable purposes; but they are not end-alls to be slavishly served while ignoring or discarding time-honored rules of pleading. If the *facts alleged* do not state a cause of action, a com-

plaint should be dismissed, and it is no answer to say that facts other than those alleged might be shown that would support an amended complaint. Further, there is no absolute requirement that an action over must be heard at the same time as the original complaint. (*Gertz v. Campbell*, 55 Ill.2d 84, 302 N.E.2d 40; *Williams v. Brown Manufacturing Co., Inc.*, 93 Ill.App.2d 334, 236 N.E.2d 125, *reversed on other grounds*, 45 Ill.2d 418, 261 N.E.2d 305; *Wiegel v. One La Salle Co.*, 75 Ill.App.2d 272, 221 N.E.2d 117.) Thus, since both Illinois Bell and Weil are co-defendants, any finding against Illinois Bell would be *res judicata* as to Weil; and if Illinois Bell then wished to file an appropriate third-party complaint against Weil, it could still do so. We therefore judge that if the complaint does not allege facts showing a cause of action for indemnity it should be dismissed; and we reject the argument that a dismissal should be denied because some other facts *might* be alleged later in an amended complaint.

■■ Since *Reynolds v. Illinois Bell Telephone Co.*, 51 Ill.App.2d 334, 201 N.E.2d 322, it has been recognized that one tortfeasor may be indemnified by a joint tortfeasor even though no pre-accident or derivative liability relationship existed between them. The rule is qualified, however, to the extent that their negligence must be different. The terms used to describe the difference, primary-secondary or active-passive, are subject to the criticism of being somewhat imprecise. (See Sorensen, Focus on Indemnification Based Upon Fault, 55 Ill. B.J. 206 (1966); *Carver v. Grossman*, 55 Ill.2d 507, 511, 305 N.E.2d 161.) Be that as it may, the defendant's complaint asserts that its negligence was "passive," and it is conceded by both sides here that the difference must be qualitative, rather than quantitative.

■■ This case boils down to whether the complaint against Illinois Bell alleges an act of passive negligence. We conclude that it does not. The act alleged was an affirmative one, negligently loading tree branches on the truck so that one fell into the street. The defendant points out that no contact was made between the branch that fell into the highway and the plaintiff's car. But that fact is not significant because it is the quality of the negligent act, and not its result, that controls. Would the defendant contend that if a branch fell directly on a pedestrian its negligence was active, but if the pedestrian was struck by another automobile as he sought to avoid the falling branch, the negligence was passive?

■■ In *Stewart v. Mister Softee of Illinois, Inc.*, 75 Ill.App.2d 328, 221 N.E.2d 11, a complaint alleged that the defendant had parked an ice cream truck with its chimes sounding. A child crossing the street to purchase ice cream was struck by another car and killed. The appellate court held in upholding the dismissal of the third-party complaint that by

double-parking and sounding the chimes the defendants were guilty of active negligence. In *Carver v. Grossman*, 55 Ill.2d 507, 305 N.E.2d 161, the plaintiff was injured when a car he was working on was started by the defendant while the transmission was in gear. The third-party defendant had left the car in gear and failed to block the car from moving forward while the plaintiff was working on it. The supreme court held as a matter of law that the defendant was not entitled to indemnity because his act of starting the car was not qualitatively different from that of the third-party defendant. In *Moody v. Chicago Transit Authority*, 17 Ill.App.3d 113, 307 N.E.2d 789, the defendant's act of parking at an angle at a bus stop area was determined to be active negligence as a matter of law. We judge that the alleged act here on the part of Illinois Bell is as "active," if not more so, than that alleged in *Stewart* or proved in *Carver* and *Moody*. Therefore, the complaint failed to state a cause of action and was properly dismissed. The order is affirmed.

Order affirmed.

GOLDBERG, J., concurs.

Mr. JUSTICE HALLETT specially concurring:

While I fully concur in the foregoing opinion holding that indemnity is barred because both were "actively" negligent, I would affirm the dismissal even had Illinois Bell not been "actively" negligent. See my specially concurring opinion in *Moody v. Chicago Transit Authority*, 17 Ill.App.3d 113, 307 N.E.2d 789.