# CHICAGO & NORTHWESTERN RAILWAY COMPANY

*v.*

# JOSEPH SHULTZ.

55  421
58a 344

1. PARTIES—*who may recover for injury to property.* A person in possession of an animal, which he has taken up as an estray, may maintain an action against a wrong doer for injury thereto, although such party in possession, in endeavoring in good faith to comply with the requirements of the law in regard to estrays, omitted to give the requisite notice in respect to the same.

2. As a general proposition, subject, it may be, to some exceptions, any person in the peaceable possession of property, may sue and recover for any wrongful damage it may sustain, against any person but the true owner; and even against him, if the possession of the former is rightful, and coupled with an interest, or he has a qualified property therein.

3. FORMER RECOVERY—*when a bar.* In this case, a party had taken up a colt as an estray, and after he had been in possession of the colt about eight months, it was run over and killed by a railroad train, by reason of the negligence of the company. The party so taking up the estray, in attempting to comply with the law, failed to post the animal in the proper manner, yet he could recover against the railroad company for the wrongful injury to the property, and such recovery would be a bar to any subsequent action against the company, by the true owner, for the same injury.

4. INTEREST—*when recoverable—in an action for wrongful injury.* In an action on the case to recover for an injury to property, resulting from the negligence of the defendant, it is proper to allow the plaintiff interest from the time the injury was done.

APPEAL from the Circuit Court of Lee County; the Hon. W. W. HEATON, Judge, presiding.

The opinion states the case.

Messrs. GOODWIN & WILLIAMS, for the appellants.

Mr. JAMES K. EDSALL, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This was an action brought by appellee before the county judge of Lee county, acting as a justice of the peace, against appellants, to recover the value of a colt injured by a passing train. The case was appealed to and tried in the circuit court.

It appears from the evidence that appellee had, about eight months before the colt was injured, taken it up as an estray, and had attempted to post it as such under the law; that he had held it in his possession during that time; that the colt was running in a pasture adjoining the appellants' railroad, and was only separated by a fence, which the company were bound to keep in repair; that the colt got through the fence and upon the road, and was so badly injured by a passing train in the night time, that it became worthless, and was finally killed. In the court below appellee recovered judgment, and the record is brought here on appeal.

On the sufficiency of the fence, the evidence was not entirely harmonious, but the jury have found it was insufficient, and we shall so regard it in considering the case.

It appears the county judge of Lee county, when acting as a justice of the peace, had, under a special act, jurisdiction to a larger sum than the judgment in this case, and no question of jurisdiction is raised on the record.

But it is urged, that appellee had failed to comply with all the requirements of the estray law in posting this animal, and, for that reason, he could not maintain this action. It is conceded, that had he posted the animal as the statute requires, he then could have recovered. It is manifest, that had he omitted no requirement of the estray law, he would thereby become vested with such a right, or lien upon the property, as would have entitled him to its possession against all persons, even the owner, until he should have paid to him such charges as the law would allow. As a general proposition, subject, it may be, to some exceptions, the person in the peaceable possession of property, may sue and recover for any wrongful

damage it may sustain, against any person but the true owner, and even against him, if his possession is rightful and coupled with an interest, or he has a qualified property. Appellee being in possession, he, *prima facie*, had the right to recover.

Did, then, the fact, that in posting the required number of notices, a part of them were in an adjoining township, and had failed to have registered the marks, brands and color of the animal with the town clerk, overcome or rebut his *prima facie* right of recovery? He seems, in good faith, to have attempted to comply with the law, but failed. As far as intention may be considered, he does not occupy the position of a willful wrong doer. Being in possession under a right derived by taking up the animal as an estray, although he omitted some of the requirements which are prescribed by law, we are aware of no rule of law which will authorize a wrong doer to question the regularity of the proceeding. It, of course, can not bind the true owner, but must mere strangers and wrong doers.

We presume that no one would contend, that had an individual intentionally injured the property, or had attempted to appropriate the colt to his use, appellee could not have recovered for either wrong by an appropriate remedy. Appellee is liable to the true owner for the animal, as he failed to post it strictly according to the requirements of the statute. Having constituted himself the bailee of the true owner, he can not repudiate the relation, but must produce the property when called for by the owner. Being so liable, he must be invested with the power to maintain possession or recover damages for injuries against all wrong doers. Otherwise, he would unintentionally have assumed a liability to account for the property, when any wrong doer might injure, destroy, or appropriate it to his own use without liability. Having possession, he was clothed with the *indicia* of ownership, and the company are not at liberty to inquire whether or not his title is defective. The company can not escape liability by showing that his title was defective. They have committed a wrong, and

must render compensation. If the company can not question appellee's title, it being *prima facie* legal, if again sued by the true owner, they could plead this recovery in bar. It was the duty of the owner to prevent his animal from straying away, and remaining so long in the possession of appellee, and being in such default, he must look alone to appellee for compensation for the loss he has sustained by the destruction of this animal.

The case of the *Peoria, Pekin & Jacksonville R. R. Co.* v. *McIntyre*, 39 Ill. 298, is referred to by appellants as an authority against maintaining this action. From the facts of that case, it does not appear that the regular prescribed steps of the statute had, or had not, been complied with by the plaintiff. It only appears that the animal was an estray, and had been posted. In that case, plaintiff was considered and treated as a bailee, and permitted to recover. We do not see that this case is aided by that, as the question raised in this was not raised or discussed. That case only decides, that a person who has taken up and posted an estray is a bailee, and may recover when it is wrongfully killed by the employees of a railroad company. It does not hold, that a person who has been in the undisputed possession of such property for months, and who has unsuccessfully attempted to comply with the estray law, can not recover for a like injury.

In this case, it is objected, that the court erred by instructing the jury, that they were at liberty to allow interest from the time the colt was killed, in case they found for the plaintiff. In the case of *Bradley* v. *Geiselman*, 22 Ill. 494, it was held, that interest might be recovered in an action of trespass to personal property, from the date of the taking. The object in allowing a recovery for injuries sustained is, that the party wronged may be compensated for the loss ; and to allow interest from the date of the injury, on the value of the property, would only give appellee compensation. He has been deprived of the property, and its use, and he has not had the money or

its use since that time. But in this case, the evidence largely preponderates in favor of the value of the property being fully equal to the amount of the verdict. What we have already said renders it unnecessary to comment on the instructions asked by appellants, and refused by the court.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*