# The Toledo, Peoria and Warsaw Railway Company

*v.*

## Robert Johnston.

1. Negligence — *in suffering stock to be at large.* In an action by the owner of stock against a railway company for killing the same, no contributory negligence is chargeable to the owner in letting the stock run at large when it breaks out of its pasture without his fault.

2. Interest — *on value of stock killed.* The owner of stock killed by a railway company on its track, for want of a fence, is not entitled to interest on its value from the time of the killing.

3. Measure of damages — *stock killed by negligence.* The damages for stock killed by a railway company through negligence merely, as, a neglect to fence their track, is compensatory only. To authorize more, circumstances of aggravation must be shown.

Appeal from the Circuit Court of Iroquois county; the Hon. N. J. Pillsbury, Judge, presiding.

Messrs. Ingersoll & Puterbaugh, for the appellant.

Messrs. Blades & Kay, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This is an appeal from the circuit court of Iroquois county. The judgment was rendered in favor of Robert Johnston, in an action on the case against the Toledo, Peoria and Warsaw Railway Company, to recover damages for killing plaintiff's stock upon the road. The negligence of the company was alleged to be in failing to fence their track.

Appellants attempted to show contributory negligence on the part of plaintiff, by suffering the stock killed to run at large. The evidence is, that the animals broke out of the owner's pasture, without his fault, consequently, he cannot be chargeable with negligence.

Another point made by appellants is, giving this instruction to the plaintiff: "If you shall, from the evidence, find the

defendant guilty, you should assess and allow interest at six per cent on what you shall, from the evidence, find to be the value of the property killed and injured, from the date of the killing to this time."

This instruction was wrong, and should not have been given. The case referred to by appellee as sustaining this instruction does not support it. In that case the point was made but was not decided, the cause going off on another point. What was said, therefore, must be regarded as *dictum* merely. *Chicago and N. W. Railway Co.* v. *Shultz*, 55 Ill. 421.

Another point is made, that the damages are excessive. The value of the property, as estimated by disinterested witnesses, Mr. Alexander and Mr. Parker, who appraised the animals, was fixed, the highest at four hundred and fifty dollars. The jury found four hundred and ninety-eight dollars and eighty-eight cents as damages, and this, by the addition of interest, under the direction of the court. In such cases the damages must be compensatory only, unless circumstances of aggravation are shown, which is not pretended.

For the reasons given the judgment must be reversed, and the cause remanded for a new trial, unless the plaintiff shall remit all of the damages above four hundred and fifty dollars.

The remedy is statutory, and the limit of the recovery is, ordinarily, the value of the property.

*Judgment reversed.*