THE KANSAS PACIFIC RAILWAY CO. v. ALFRED G. WIGGINS.

RAILROAD STOCK LAW; *Unfenced Track; Liability for Damages.* In a herd-law county, an animal belonging to plaintiff strayed upon the railroad track of defendant, and was killed by one of its trains. The track was unfenced. Plaintiff had picketed the animal in an inclosed field, and had taken reasonable precautions to keep it confined, and prevent it from running at large, but it had broken loose, without any fault or neglect on his part. *Held,* That the company was liable for the value of the animal.

### Error from Saline District Court.

ACTION under the railroad stock law of 1874, brought by *Wiggins* against the *K. P. Rly. Co.*, to recover damages for killing a mare belonging to the plaintiff. Trial at the May Term, 1880, of the district court, and verdict and judgment for the plaintiff. The defendant brings the case here. The opinion states the facts.

*John P. Usher,* for plaintiff in error.

*Lovitt & Wilson,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This is an action under the railroad stock law of 1874, to recover damages for killing a mare. It was admitted by plaintiff in error, defendant below, that its train killed the mare, and that due demand was made of the defendant for the value thereof more than thirty days before commencement of suit. It was proven by plaintiff, and not denied by defendant, that the railroad track was not fenced, and that there were no cattle-guards at any point along the railroad where the mare strayed. It was also proven that it was improved land on both sides of the railroad where she was killed, and all along the railroad where she traveled. It was admitted, by the plaintiff below, that the herd law was in force in Saline county at the time the mare was killed, and applied to animals of the kind killed.

Two questions are presented by counsel for plaintiff in error: First, it is insisted that if contributory negligence will bar a recovery, plaintiff's own testimony convicts him of that; and second, that in herd-law counties the rigorous doctrine of the common law prevails, that the owners of domestic animals are bound at their peril to keep them from trespassing upon other premises; and failing that, are liable for all damages done by them, irrespective of any question of negligence; and that therefore it is immaterial whether plaintiff took due precaution to confine his mare, and that the animal was in fact trespassing and her owner liable for all the consequences of such trespass.

We dissent from both propositions. The mare was picketed within an inclosed field. While the fence around this field may not have been a strictly legal fence, it was, doubtless, sufficient to confine ordinary stock. But as additional precaution, the plaintiff had picketed the animal inside this inclosure. The sufficiency of these precautions was left to the jury, and we think properly approved by them. Counsel selects a single expression of plaintiff, and says that that is an admission that he had not taken due precaution; but that expression is so qualified by that which immediately follows it, as to amount to but little. The sentence quoted is: "I don't think the picket was safe to hold her without the fence, or the fence without the picket rope." But he follows this with: "I think she was as safe as any horse with a picket. I don't consider any horse absolutely safe with a picket or in any other way." Reasonable precaution, and not absolute security, is required. If the latter were the rule, the fact that the animal got loose proves the negligence, and the manner in which she was confined is immaterial.

Neither is the other proposition of counsel correct. The railroad stock law says that railroads must pay for all stock killed by their trains so long as they fail to fence their roads. The herd law provides that the commissioners may direct "by order what animals shall not be allowed to run at large," and also that "Any person injured in property by the run-

ning at large" of such animals shall have a lien for his damages, etc. Can it be held that this animal was *allowed to run at large?* It would not seem that plaintiff could be charged with any violation of this statute when he had taken reasonable precautions to confine his animal. In the herd law of 1874 (Comp. Laws 1879, p. 935) similar language is used, and by § 2, one who allows his animals to run at large is guilty of a misdemeanor, and may be punished by fine. Cannot a man own an animal and by proper care be absolutely safe from the penalties of that act? Is he a criminal if his animal, despite all precautions, escapes, and trespasses upon some other man's premises?

If the plaintiff has disregarded the command of no statute and has not been guilty of negligence, it would seem that there is no escape for the railroad company in this case from the burden of the stock law, and that it must pay for the animal which has been killed.

See the following authorities: *O. & M. Rld. Co. v. Jones,* 63 Ill. 473; *T. P. & W. Rld. Co. v. Pence,* 68 Ill. 524; *T. P. & W. Rld. Co. v. Johnston,* 74 Ill. 83; *C. & St. L. Rld. Co. v. Woolsy,* 85 Ill. 373; Thompson on Negligence, pp. 497 to 501.

The judgment will be affirmed.

All the Justices concurring.