## THE MISSOURI PACIFIC RAILWAY COMPANY v. R. A. JOHNSTON.

RAILROAD STOCK LAW; *Confined Animals; Company Liable.* Where the owner of domestic animals in a county where the herd law of 1872 was in force, kept the same confined on his own farm, in a pasture inclosed with a good and lawful fence, and the animals, without fault of the owner, escaped from the pasture in the night-time into a public highway and wandered upon uninclosed lands through which a railway runs, adjoining the farm of their owner, and were run over and killed by an engine at a place on the railway where it was wholly unfenced, and their escape from the pasture was not and could not, by the use of ordinary care, have been discovered by the owner until after they were killed, *held*, that such animals cannot be said to be "allowed to run at large;" and further *held*, that the railway company, under the stock law of 1874, was liable for the value of the animals so killed.

### *Error from Neosho District Court.*

ACTION brought by *R. A. Johnston* against the *Missouri Pacific Railway Company,* on August 23, 1884, under the railway stock law of 1874, to recover damages for five three-year-old steers belonging to the plaintiff, alleged to have been killed June 4, 1884, by the defendant in the operation of its railway. The cause was submitted to the court upon the following agreed statement of facts:

"The defendant is a corporation duly organized and incorporated under the laws of the state of Missouri. On the 4th day of June, 1884, and long prior to said date and ever since then, the defendant has been the owner of certain locomotive engines and cars, and has been engaged in operating a railroad through the county of Neosho, in the state of Kansas.

"On or about the 4th day of June, 1884, the plaintiff was the owner of five three-year-old steers, of the value of two hundred and seventy-five dollars, and kept the same confined on his own farm, in a pasture inclosed with a good and lawful fence, in said county of Neosho. On the night of said 4th day of June, 1884, said steers, without fault of plaintiff, escaped from said pasture into a public highway, and wandered thence into and upon certain uninclosed lands in said county of Neosho owned and possessed by one Alva Clark, through which

runs defendant's railway, said lands of Alva Clark adjoining the farm of plaintiff, upon which was said pasture.

"Said steers entered upon said railway in said county of Neosho from said lands of Alva Clark, and were then and there, in the night-time, and upon the same night they escaped from the pasture, run over and killed by the engine and cars of said defendant, about two hundred yards from the pasture from which they escaped as aforesaid. The said railroad of defendant in said county of Neosho, at the time and place where said steers entered upon the same and were killed, was wholly unfenced, and was not inclosed with any fence whatever to prevent said animals from being on said road. From the time of the escape of said steers from the pasture until they were killed, there was no one in charge or pursuit thereof; and their escape from the pasture was not and could not by the use of ordinary care have been discovered by plaintiff until after they were killed. On the 8th day of November, 1872, the board of county commissioners of said county of Neosho, under and by virtue of the powers in them vested by an act entitled 'An act providing for the regulation of the running at large of animals,' approved February 24, 1872, did direct, by an order then duly made, that on and after the 20th day of December, 1872, no steer or other animal in said order named, should be allowed to run at large within the bounds of said county of Neosho, which order was entered upon the records of said board of commissioners on the said 8th day of November, 1872, and was published for four successive weeks next after said entry was made, in the *Neosho County Journal*, a newspaper then published in said county of Neosho, and has been in full force and effect in said county of Neosho at all times since said 20th day of December, 1872.

"On the 7th day of June, 1884, and more than thirty days before the commencement of this action, the plaintiff made demand of H. H. Ludlie, who was then the duly authorized and acting ticket agent and station agent of said defendant at South Mound, in said county of Neosho, for the value of said steers, but said defendant has ever since failed and refused to pay the same. Fifty dollars is a reasonable attorney's fee for the prosecution of this suit.

"It is hereby agreed that the above-entitled action shall be submitted to the court upon the foregoing agreed statement of facts, the court to be at liberty to draw inferences of fact."

Judgment was rendered December 8, 1884, in favor of the plaintiff for $275, with interest from June 4, 1884, and the

sum of $50 was allowed for attorney's fee, together with the costs, taxed at $10.95. *The Railway Company* excepted to the judgment, and brings the case here.

*David Kelso,* and *R. T. Holloway,* for plaintiff in error.

*C. F. Hutchings,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: In this case, it appears from the agreed statement of facts that the plaintiff's cattle escaped from his pasture and wandered from the public highway upon the uninclosed land of one Alva Clark, through which the defendant's railway runs; the railway was not fenced, and the cattle entered upon it and were run over by a train; their escape had not been discovered, and there was no one in pursuit; the herd law of 1872 was in force in the county. It is claimed on the part of the railway company, defendant below, that the plaintiff was bound at all events to restrain his cattle; that the killing of the cattle was the result of concurring wrongs, and as the law can neither apportion the damages nor attribute the result to defendant's default, disregarding that of plaintiff, no recovery can be had. *Railway Co. v. Lea,* 20 Kas. 353, and Sherman and Redfield on Negligence, § 39, are cited. In *Railway Co. v. Lea,* the owner permitted his cow to run at large in violation of the herd law, and while so running at large the animal strayed upon the track of the railroad and was killed. In this case, the owner of the animals kept them confined on his farm in a pasture inclosed with a good and lawful fence, and, without his fault, they escaped in the night-time from the pasture into a public highway, and wandered thence into uninclosed lands upon the defendant's railway, which railway was wholly unfenced. Therefore the case of *Railway Co. v. Lea* is not controlling.

On the other hand, the agreed statement of facts brings the case within the following decisions of this court: *Railway Co. v. Wiggins,* 24 Kas. 588; *Railway Co. v. Bradshaw,* 33 id. 533; *Railway Co. v. Roads,* 33 id. 640.

In *Railway Co. v. Wiggins*, it was held that even in herd-law counties the rigorous doctrine of the common law does not prevail, and that an animal cannot be said "to be allowed to run at large" where the owner has taken reasonable precautions to confine the same. In *Railway Co. v. Bradshaw*, it was held that under the railway stock law of 1874, a railway company is required to inclose its road with a good and lawful fence as against all animals against which such a fence would be a protection; and it was further held in the case, that where an unfenced railway passed through a farm and a hog belonging to the owner of the farm escaped, without fault on the part of the owner, and strayed upon the railway within the limits of the farm and was there killed by the railway company in the operation of its road, that the railroad company was liable. In *Railway Co. v. Roads*, it was said that where hogs escape, by mere accident, from a pen in which they are inclosed, no negligence can be properly attributed to the owner therefor; and it was further said that the mere fact that the animals were trespassing upon the land from which they went upon the unfenced railroad track where they were killed, will not, where the plaintiff is without fault, defeat a recovery.

Upon these decisions, the judgment of the district court must be affirmed.

All the Justices concurring.