DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

### DURING THE YEAR 1905.

---

### I. N. Rice and Arthur L. Weinschenk et al. v. Minnie A. Travis.

#### Gen. No. 11,471.

1. REPLICATION—*when, need not be special.* Where the defendant in an action of trespass *de bonis asportatis* seeks to justify by pleading the taking of the property by virtue of a writ of replevin issuing out of a cause which resulted in favor of the plaintiff therein, it is not necessary for the plaintiff in such action of trespass to reply specially in order to question the jurisdiction of the justice who issued the writ and entered the judgment set up in the plea.

2. JURISDICTION—*when, not presumed in favor of proceeding or process.* One other than an officer, claiming a justification under a proceeding or process of a justice of the peace, must affirmatively show the existence of the material facts upon which the jurisdiction of the justice depends.

3. REPLEVIN—*extent of jurisdiction of justice in action of.* The jurisdiction of a justice of the peace in replevin is confined to cases in which the value of the property taken on the writ is $200 or less.

4. TRESPASS DE BONIS ASPORTATIS—*when recovery may be had in.* A person from whose possession goods were wrongfully taken, may recover their value from those who wrongfully took them in an action of trespass *de bonis asportatis,* notwithstanding the husband of the plaintiff may have been the owner of a part of the goods so taken.

Action of trespass *de bonis asportatis.* Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed January 20, 1905. Rehearing denied February 7, 1905.

(644)

Rice v. Travis.

**Statement by the Court.** In an action of trespass *de bonis asportatis* the declaration alleged that the appellants and one Gibson, with force, etc., took and carried away certain goods of the plaintiff and converted the same to their own use. To this declaration the defendants filed the plea of the general issue and a special plea of justification in and by which they allege that the goods and chattels actually taken and for which the plaintiff seeks to recover, were taken by virtue of a writ of replevin issued by John Richardson, a justice of the peace, in a certain suit commenced before said justice by one C. Meader against appellee for the possession of said goods and chattels; and that on the hearing of said suit the said justice found the right of property and the right of possession of the same in the said Meader and entered judgment accordingly with damages for the wrongful detention thereof by appellee. To this special plea the plaintiff filed the replication *de injuria*, etc. Gibson died before the trial. The cause was tried by the court and the plaintiff had judgment for $927, and the defendants appealed.

SAMUEL A. ETTELSON, for appellants.

C. STUART BEATTIE, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The evidence in this case is sufficient to support a finding that the goods mentioned in the declaration were taken from the possession of plaintiff, without her consent, by constable Gibson, under the writ of replevin mentioned in the special plea, and that all of the appellants were so connected with such taking as to make them liable therefor, if the taking was wrongful.

The writ of replevin was served on appellee, the suit was dismissed as to the other defendants, and the justice, upon the trial of the replevin suit, found the right of property and the possession thereof in Meader, the plaintiff, and rendered judgment upon such finding and for one cent

damages and costs against the defendant, the appellee here. The contention of appellants is that the judgment of the justice is conclusive against the right of appellee to maintain this suit for the same goods, and that of appellee is, that such judgment is void for the reason that the justice was without jurisdiction of the subject-matter. The court held the following proposition of law submitted by the plaintiff: "That the defendants Rice and Weinschenk, cannot justify the taking of the property herein under the writ of replevin issued by John Richardson, justice of the peace, without showing by a preponderance of the evidence that the property mentioned in the said writ of replevin did not, at the time the said writ was issued, exceed in value the sum of two hundred dollars," and marked "refused" certain propositions of law submitted by the defendants in which a contrary rule was stated in different forms.

In the first resolution in Crogate's case, 8 Rep. 66a, 67b, it is stated that where the defendant justifies "by force of any proceeding in the admiral court, hundred or county, etc., or any other which is not a court of record, there *de injuria sua propria* generally is good, for all is matter of fact and all makes but one cause." Under this rule it was not necessary for the plaintiff to reply specially in order to question the jurisdiction of the justice to issue the writ and enter the judgment set up in the plea.

One, other than an officer, claiming a justification under the proceeding or process of a justice of the peace, must show affirmatively the existence of the material facts upon which the jurisdiction of the justice depends. Barnes v. Barber, 1 Gil. 401; Whitney v. Shufelt, 1 Denio, 593; Savacool v. Boughton, 5 Wend. 170. The jurisdiction of a justice of the peace in replevin is confined to cases in which the value of the goods taken on the writ is two hundred dollars or less. Appellants are not officers, but persons by or for whom the jurisdiction of the justice was invoked. In order to justify or claim under the judgment of the justice it was incumbent on appellants to show by evidence, other than the transcript of the judgment, the

existence of facts which gave the justice jurisdiction over the subject-matter. This they not only failed to do but the evidence affirmatively showed that the value of the goods greatly exceeded the jurisdiction of the justice. The holding of the court upon the propositions of law above mentioned was, in our opinion, correct.

The goods were taken from the possession of appellee, and even if her husband was the owner of a part of them, she had the right, when they were taken from her possession, to recover their value from those who wrongfully took them. C. & N. W. R. R. Co. v. Schultz, 55 Ill. 421.

We think the following propositions of law, submitted by the defendants and marked "refused," should have been held by the court:

"The court holds, as matter of law, that an express finding as to value of the property is not and was not an essential part of the judgment of the justice. (Refused.)

"The court holds, as a matter of law, that the judgment in favor of the plaintiff in the replevin suit before the justice of the peace is an adjudication by the justice that the property in said suit did not exceed the jurisdiction of the justice of the peace. (Refused.)"

But in the view we take of the case, appellants were not prejudiced by the refusal of the court to hold such propositions.

We find no material error in the other rulings of the court complained of.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*