Henry Mier, Appellee, v. Chicago, Milwaukee & St. Paul Railway Company, Appellant.

Gen. No. 5,735.

1. NEW TRIAL—*newly discovered evidence.* The fact that a witness by whom alleged newly discovered evidence would have been given resides far away from the place of trial, tends to support defendant's affidavit, on motion for new trial, that he did not know of the evidence and in the exercise of diligence could not have known of it.

2. APPEALS AND ERRORS—*when judgment reversed.* In an action for damage to race horses from taking cold while held in a car over night, a judgment for plaintiff will be reversed and remanded where a careful examination of the entire record convinces the court there should be an opportunity for further investigation.

3. BAILMENT—*when bailee of horse may recover for injury.* Plaintiff is entitled to recover for injury to a horse which he has as bailee under a lease from the owner.

4. CARRIERS—*bill of lading.* A bill of lading on which horses injured were shipped is inadmissible when not properly identified.

Appeal from the Circuit Court of Rock Island county; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 12, 1913.

WILLIAM A. MEESE and FRANK J. LANDEE, for appellant.

J. T. & S. R. KENWORTHY, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

This is an action in *assumpsit,* brought to recover damages alleged to have been sustained by injury from taking cold, etc., of two horses "May C," a pacing mare owned by appellee, and "Kittie B," a running mare owned by John Looney, and under lease to appellee, while in the yards of appellant at Davenport, Iowa, on the night of September 4, 1908, in a

car where they were wrongfully held by appellant that night because of a misunderstanding as to payment of freight. The suit was begun December 22, 1908, the damages laid at $2,000 and afterwards by amendment reduced to $1,999. John Looney, the owner of "Kittie B" is an attorney at law and filed the praecipe and declaration in the case. The general issue was filed and the case tried with a jury in November, 1911, resulting in a verdict and judgment for the full amount of the *ad damnum*.

It is admitted by appellant's attorneys that it is liable for at least nominal damages, and a new trial is here urged mainly on the ground that the damages are excessive and that the court erred in not granting a new trial because of newly discovered evidence. The claim of appellee is that the mare "May C" was five years old; had been trained and driven three seasons by him and his men; that she had never won a race, but had been held back in races to prevent her getting a mark; and was very valuable as a racing prospect; that because of injuries resulting from her treatment and exposure on the night in question she became disabled and of no value as a race horse, and was thereafter only valuable as a driver. Her value before that night is placed by the testimony of appellee at $3,000 or more and after at $500 or $600. The damage to "Kittie B" is claimed to be about $500; therefore about $1,400 or $1,500 of the verdict must be placed on damages to "May C." Appellee's evidence, considered alone, fairly established his claim. But it appears from appellant's evidence, uncontradicted and unexplained, that appellee sold "May C" November 10, 1908, for $750 to E. R. Elliott & Co. of Madison, Wisconsin; that they kept her about a year and until after they got through racing in the fall of 1909; that they bought and used her as a racing horse, and that she was in fine condition all that time. This fact compels the conclusion that appellee and his witnesses were mistaken as to the extent of the injury sustained by "May C" on the night in question.

The claim of newly discovered evidence presented by appellant on its motion for a new trial is that on October 27, 1908, appellee advertised "May C" for sale in The Horse Review, a newspaper published in Chicago, Illinois, as a race horse. And that the reason for his not driving her in races at different Fair Grounds shortly after September 4, 1908, was that he had been suspended from the American Trotting Association for non-payment of dues, and not because the mare was disabled as he, in his testimony as a witness stated. The witnesses by whom it is alleged this testimony would be given resided so far away from the place of the trial that there is much reason in support of appellant's contention and affidavit that it did not know of this evidence and in the exercise of diligence could not have known of it. But independent of this question of newly discovered evidence, in the language of our Supreme Court in Wilder v. Greenlee, 49 Ill. 254: "A careful examination of the entire record, has left us with a firm conviction that there should be an opportunity given for a further investigation."

It is objected that appellee could not recover for the injury to "Kittie B" because he was not her owner. He had her under lease and his right as bailee to recover can hardly be questioned. Chicago & N. W. R. Co. v. Shultz, 55 Ill. 421. It is also objected that the court refused to admit in evidence the bill of lading on which the horses were shipped. Appellee's answer is that the paper was not properly identified when offered in evidence by appellant, and the record seems to sustain him.

The judgment is reversed and the case remanded for a new trial.

*Reversed and remanded.*