Linda **SEMMELROTH**, Executor of the Estate of Gary Semmelroth, Deceased, Plaintiff,

v.

**AMERICAN AIRLINES**, a corporation, Defendant.

Civ. No. 77–4162.

United States District Court, E. D. Illinois.

April 7, 1978.

---

John D. Bauman, Belleville, Ill., for plaintiff.

Richard E. Boyle, Belleville, Ill., for defendant.

ORDER

FOREMAN, Judge:

Before the Court is Defendant's motion to dismiss.

Plaintiff, executor of the estate of Gary Semmelroth, deceased, has filed this action for wrongful death pursuant to Ill.Rev. Stat., ch. 70 and ch. 68, § 15. The plaintiff alleges that the decedent was a travel agent employed by the Dixon Travel Agency in Belleville, Illinois. She alleges that his position concerned the promotion and sale of airline reservations and accommodations. The defendant, a corporation, is alleged to be the owner and operator of a commercial airline as well as the owner and operator of certain hotels in Acapulco, Mexico in the State of Guerrero, Mexico. The plaintiff alleges that on and prior to May 15, 1976, the defendant invited the decedent and other travel agents to take an expense paid trip to Acapulco, Mexico. The purpose of this trip was to permit the travel agents to view the hotels owned by the defendant and, thereby, encourage the promotion and sale of reservations and accommodations at these hotels. She further alleges that at the time of the invitation, the defendant knew that the State of Guerrero, Mexico, was overrun by armed bands of guerillas and bandits and, as such, was a dangerous state for foreign visitors. She alleges that despite this knowledge, defendant negligently failed to warn the decedent of this hazardous condition, negligently failed to supervise the decedent, or provide guards or to alert local authorities of the presence of numerous foreign visitors or negligently enticed the decedent to visit the state. As a proximate cause of this negligence, the plaintiff alleges that the decedent was killed at the hands of unknown assailants.

The defendant moves to dismiss, alleging that Mexican law, not Illinois law, is applicable. Accordingly, defendant contends that plaintiff has failed to state a claim under the Illinois Wrongful Death Act.

The jurisdiction of this Court is based upon diversity of citizenship. 28

U.S.C. § 1332. Thus, this Court must apply the substantive law of the State in which it sits including that State's conflict of laws rules. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Klaxon Co. v. Stentor Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Illinois has adopted the Second Restatement approach to conflicts questions in tort cases. *Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593 (1970). Accordingly, this Court must decide the state that has the most significant relation to the parties and the occurrence.

■ In the present case, the injury occurred in the State of Guerrero, Mexico. The conduct giving rise to the injury occurred in Illinois at the time of the initial inducement and continued until the time of decedent's death. The decedent was a citizen of Illinois, and his estate and beneficiaries are all located in Illinois. The defendant is a Delaware corporation with its principal place of business in New York. The relationship between the decedent and the defendant was centered in Illinois. In light of these facts, this Court finds that Illinois is the state with the most significant relationship to the parties and the occurrence. Accordingly, the law of Illinois applies to this suit and, the defendant's motion to dismiss for this reason is denied.

■ Alternatively, the defendant moves to dismiss for failure to allege a duty between the plaintiff and the defendant. Under Illinois law, a complaint must allege the breach of a duty owed by the defendant to the plaintiff in order to state a claim for negligence. *Boyd v. Racine Currency Exchange, Inc.*, 56 Ill.2d 95, 306 N.E.2d 39 (1973); *Mitchell v. Archibald & Kendall*, 573 F.2d 429 (7th Cir. 1978). The existence of a duty is a question of law to be determined by the Court. *Barnes v. Washington*, 56 Ill.2d 22, 305 N.E.2d 535 (1973). The Illinois courts have traditionally imposed a duty to guard against criminal acts by third persons when the actor has notice of the danger and a special relationship exists between the actor and the other. *See, Mitchell, supra*, for a summation of

relevant Illinois law. In determining whether this duty exists, this Court must accept the allegations of the complaint as true and construe them in a light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

Plaintiff alleges that the decedent and the defendant were engaged in a business relationship. In furtherance of this relationship, the decedent accepted the invitation of the defendant to visit its accommodations in Mexico. At the time of the invitation and throughout the decedent's stay in Mexico, the defendant was aware that the country was overrun by armed bands of guerillas. Nevertheless, the defendant failed to warn the decedent of the situation or take other action to insure decedent's safety during his stay. As a result, the decedent was murdered.

Plaintiff's allegation that defendant was aware that the country was overrun by guerillas is sufficient to infer that the defendant had notice of the danger. Thus, the issue is whether the relationship between the decedent and the defendant is a special relationship such that the defendant had a duty to warn or otherwise insure the safety of the decedent. In deciding this issue, the Illinois courts have relied upon the Restatement (Second) of Torts. *Mitchell, supra*.

The Restatement (Second) of Torts § 314A lists four special relations that give rise to a duty to protect another from harm. The first three relationships are carrier-passenger, innkeeper-guest and business inviter-invitee. Comment c to § 314A, however, limits liability to times when the passenger is within the vehicle, when the guest is on the premises and when the invitee is upon the premises of the landowner. *See also, Mitchell, supra*. Plaintiff has not alleged that the murder occurred while the decedent was on the airplane or while he was on defendant's premises. Thus, these relationships do not apply to the present case.

The fourth relationship listed in § 314A is one where a person is required by law or

voluntarily takes custody of another under circumstances such as to deprive the other of his normal opportunities for protection. This relationship is further defined and illustrated by the comments to § 314A and § 320. From these sources, this Court infers that this category of relations include wardens of penal institutions—prisoners, teachers-students and hospital staff-patient. Accordingly, this category would not include the relationship between the decedent and the defendant.

Finally, the Restatement (Second) of Torts § 314A indicates the drafters' intent that the listed relations are not to be considered exclusive. Thus, the Court must decide whether an Illinois court would consider the business relationship between a travel agent and an airline-hotel operator a special relation and thereby impose a duty upon the airline to warn or protect the agent. In reviewing the listed relations, this Court notes that this duty to protect generally arises and is confined to situations where the actor already owes a higher degree of care to the person. Furthermore, when a warden or a hospital undertake the custody of another, they generally restrict freedom of movement and are able to control the actions of the one protected. These considerations are not present in the relation between a travel agent and an airline. If the Court should find such a duty, it would logically open the door to members of the general public who use their facilities and are victims of crime. Such liability would in fact make the promoters of travel insurers for the health and safety of all travelers. This Court does not believe that the Illinois courts would extend liability this far. Accordingly, this Court finds that Illinois would not find a duty to warn or otherwise insure against the criminal acts of third parties arising solely from the business relation between a travel agent and a corporation who invited the agent to visit its properties. Therefore, defendant's motion to dismiss for failure to state a claim upon which relief may be granted is GRANTED.

IT IS SO ORDERED.